State vs. Redmond.

## No. 151.

### THE STATE OF LOUISIANA VS. J. W. REDMOND.

A continuance on the ground of absent witnesses may be properly refused when the facts expected to be proved are so vaguely and indefinitely stated as not to exhibit their character or materiality.

After one motion for a continuance has been tried, submitted and decided, the court is not bound to entertain a second motion on the same ground merely differently stated.

The overruling of a challenge of a juror for cause, even if improper, is not ground for reversal when the juror was peremptorily challenged and when the panel was completed without exhaustion of defendant's peremptory challenges.

When the defendant has elicited evidence tending to discredit a witness of the State who had sworn that his reason for not sooner informing against defendant was fear of the latter, evidence offered to sustain his credibility, by proving that he had declared his fears of defendant at the time and that such fears were reasonable owing to the character and conduct of defendant, is not inadmissible.

APPEAL from the Fourteenth District Court, Parish of Cameron. *Read*, J.

*M. J. Cunningham*, Attorney General, and *A. J. Kearney*, District Attorney, for the State, Appellee.

*J. B. Suttles*, for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The convicted defendant assigns the following errors in the proceedings:

1st. The overruling of two motions for a continuance, on the ground of absence of witnesses.

The first motion was overruled on the ground that the satement contained in it as to the facts expected to be proved by the absent witnesses did not disclose the materiality of the testimony. The statement was that "he expected to prove by the absent witnesses where he was at the time the offense was alleged to have been committed, and that it was impossible for him to have committed said offense." This statement is entirely too vague and indefinite to support the motion, as a matter of right. After the judge had refused this motion counsel excepted to the ruling. He then asked permission to make another and more specific application for continuance, which the judge granted under the impression, as he declares, that the former motion and the exception to the ruling thereon were abandoned.

The second motion, containing a more specific statement of the facts expected to be proved by the same witnesses, was thereupon filed, and was taken under advisement until the following morning. On the opening of court, and after reading of the minutes, counsel insisted

upon his exception to the ruling on his first motion, and asked that the minutes should be corrected so as to note his said exception and secure his right to have it made of record. The judge, thus apprised that both motions for continuance were insisted upon, overruled the second on the ground that a second motion for continuance should not be entertained when based substantially upon the same subject-matter which had already been tried and decided on a former motion.

We cannot say that the judge erred. The court was not bound to hear repeated motions for continuance on the same ground. The privilege of making the second motion was matter of grace and not of right, and the party was bound to submit to conditions imposed by the court. If he chose to insist upon his first motion and his exception to the ruling thereon, 'that exhausted his right, and the court had the unquestioned power to refuse to entertain the second motion based on the same grounds merely stated in more specific language.

We have repeatedly signalized our indisposition to interfere with the large discretion necessarily confided to trial judges in matters of continuances, except in cases of rulings manifestly arbitrary and unjust. This is not such a case. State vs. Clark, 37 Ann., 128; State vs. Johnson, 36 Ann., 852; State vs. Foster, 36 Ann., 877.

2d. The overruling a challenge of a juror for cause. This assignment is robbed of all force by the fact that the juror was challenged peremptorily and did not serve, and a jury acceptable to defendant was completed without the exhaustion of one-half of the peremptory challenges allowed him by law.

3d. Exception was taken to the overruling of objections to certain testimony on the ground that it was hearsay, and to certain other testimony of the same witness on the ground that it was a mere opinion of witness. It appears from the statement of the judge that counsel for accused had elicited evidence tending to discredit the testimony of prosecuting witness, who swore that he had not informed sooner against accused because he was afraid the latter would kill him. To rebut this attack on his credibility and to sustain his statement, the State offered to prove by the brother of the witness that the latter had expressed his fears to him at the time, and also that the fears were reasonable on account of the desperate character and conduct of accused.

We think the evidence, under the circumstances, was properly admissible.

Judgment affirmed.