State vs. Guillory.

---

### No. 11,149.

### THE STATE OF LOUISIANA VS. ANGELAS GUILLORY.

1. The provisions of Act 139 of 1890, require that an accused, when on final trial, shall not be allowed more than six witnesses for his defence to be summoned, unless he or his counsel shall make oath that same is necessary; and, the record disclosing that six witnesses had been already summoned, he is disentitled to delay to summon additional witnesses, without such prerequisite condition has been observed.

2. A continuance may be properly refused, if application is based upon the necessity for the presence of *such* witnesses, on the state of facts herein recited.

45  31
47  485
47 1007

45  31
52  563
111  88,

45  31
f124 1040

State vs. Guillory.

3. It is not good ground for admitting *hearsay* testimony, as part of the *affirmative* evidence for the prosecution, that it is in supposed corroboration of the statement of another witness, which might be the subject of attack or impeachment.

APPEAL from the Eleventh District Court, Parish of St. Landry. *Ferrault, J.*

*M. J. Cunningham*, Attorney General, and *M. J. Cunningham, Jr.*, for the State, Appellee.

*E. P. Veazie* and *Laurent Dupré* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J.    The defendant was indicted and tried for murder and found guilty of manslaughter, and having been sentenced to imprisonment in the penitentiary for three years, prosecutes this appeal, relying upon several bills of exception for relief.

I.

The *first* ground of complaint urged is, that it appearing on the day fixed for the trial of the case that two of defendant's witnesses had not been summoned, his counsel made an order for *alias* summonses to be issued and served, and demanded a delay sufficient to obtain their attendance.    This request being refused, an application for a continuance, in due form, was made, and same was by the court refused—the defendant reserving a bill of exceptions to the ruling.

Amongst the various reasons assigned by the district judge for his ruling is one to the effect the defendant's counsel had failed to observe or comply with the provisions of the law which declares " that the accused when on final trial shall not be allowed to summon more than six witnesses for his or her defence, *provided* when an additional number is required, it shall be necessary, before such additional number is summoned, for the accused to *make oath*, either in person or by counsel, that *same is necessary* to enable him to make out his defence" (Sec. 2, Act. 139 of 1890); neither the accused nor his counsel having made any oath that the attendance of the witnesses named was necessary, and the record disclosing that more than six witnesses had already been summoned on the part of the accused.

State vs. Guillory.

It was certainly obligatory on the part of the defendant that he should have brought himself within the pale of the statute; and, failing in this, he is without just ground of complaint.

II.

The *second* ground of complaint rests upon the theory that the accused was improperly refused a continuance of the cause to the next regular term of the court. The application was based on the absence from the court of the two witnesses above referred to; and it goes without saying, that if the defendant was disentitled to summon the witnesses at all, on the ground of his failure to comply with the provisions of the statute in question, he was, necessarily, disentitled to a continuance for the purpose of procuring their testimony at the trial.

III.

The *third* ground of complaint urged is to the ruling of the judge in admitting certain testimony, which was objected to as hearsay and irrelevant, amongst other reasons assigned. During the progress of the trial, and whilst the State was introducing its evidence in chief before the jury, and before the defence had opened its case, one of the prosecuting witnesses was, over objection, permitted to say and testify "that Ambroise Guillory had *admitted to him, out of the presence of the accused,* that he, Ambroise Guillory, had handed a pistol to the accused just before the shooting began "—it having been previously shown that the deceased had been killed with a pistol.

The trial judge assigns as his reasons for permitting this testimony to be introduced, first, that it was in corroboration of the testimony of one of the witnesses for the State, who had testified that he saw Ambroise Guillory hand a pistol to the accused when the quarrel began; second, that the testimony of said witness was the subject of an attempt by the defence to impeach and contradict him on that point.

These reasons are, in our opinion, insufficient to justify this radical departure from elementary principles, in permitting hearsay testimony as part of the *affirmative* evidence on the part of the prosecution. The judge's ruling was clearly erroneous, and the accused is entitled to relief. It is therefore ordered and decreed that the judgment and sentence appealed from be annulled and reversed; and it is further ordered that the cause be remanded to the District Court for further proceedings according to law, and the views herein expressed.