State vs. Williams.

No. 14,430.

STATE OF LOUISIANA VS. DENNIS WILLIAMS.

|107  789|
|114   72|

|107   789|
|124   137|

### SYLLABUS.

1. While the character of defendant had not been put at issue, yet he had been a witness in his own behalf. Comments of the prosecuting officer are not cause to set aside the verdict even though they may not have been directly suggested by the testimony. The closing remarks were immaterial, or at least were not prejudicial.
2. The oversight of the district attorney in not signing the bill of indictment was not fatal to the indictment.
3. It is settled that an averment that the verdict is contrary to law and evidence brings up no ground for review.
4. The statement of the trial judge embodied in the bill of exceptions that there was a case pending in which the defendant attempted to bribe a witness is accepted as correct in the absence of testimony on the subject.

APPEAL from the Fourth Judicial District, Parish of Union— *Dawkins, J.*

*Walter Guion,* Attorney General, and *Fred. F. Preaus,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Ward D. Munholland,* for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J. Attempting to bribe a witness was the crime with which Dennis Williams was charged, indicted, tried, found guilty, and sentenced to serve one year at hard labor in the State penitentiary.

The case is before us on bills of exceptions, motion for new trial, and motion in arrest.

Taking up, in the first place, bill of exceptions number one (1) it appears that defendant's counsel timely objected to the words of the District Attorney as follows: "I'll tell you, gentlemen of the jury, he is a bad man from bitter creek," used in speaking of the defendant in his closing argument.

Counsel notified the court that the District Attorney was speaking out of the record in using such language. Counsel for defendant sets forth in this bill of exceptions that defendant's character has not been

put at issue and that the District Attorney was not warranted in discussing his character; that the District Attorney was not stopped by the court, and no attempt was made to correct the effect that the statement had made upon the jury; that this officer proceeded with his argument, and discussing defendant's character said: "The defendant is bad after women," although the only evidence on this point was that one, a married man, whose name is given in the bill, was jealous of defendant on account of this party's wife.

Defendant, it seems, was a witness in his own behalf. Counsel recites in the bill of exceptions that in response to this question of the District Attorney: "You are bad after women, are you?" The defendant said: "I don't think I am."

That defendant's counsel a second time objected because the question, in view of the fact, was not one which the District Attorney had the right to propound in view of the issues. Defendant charges that this was error prejudicial to him in his defense.

The trial judge's narrative in the bill of exceptions shows that the defendant testified as a witness in his own behalf and on cross-examination the credibility of the witness was sought to be attacked inferentially by reference to the testimony which he had already given in his own behalf.

The first remark of the District Attorney, the District Judge, at the time, thought was made as an effort at humor. The court did not think that it had any undue influence on the jury or that it created any prejudice against the defendant. The jury was composed of intelligent men who were instructed by the court not to give any weight to counsel's statement not borne out by the evidence.

Three bills of indictment go far towards showing that he had no very serious cause of complaint when he was referred to as before mentioned. It is true that the attorney for the State should not seek to assail the character of an accused whose character is not at issue, but reason and authority, we think, warrant the court not to set aside the verdict unless it clearly appears that the jury was influenced by the language of the prosecuting officer (subject to criticism it may be), yet not affording ground sufficient to set aside the verdict. State vs. Procella, 105 La. 518; State vs. Mack, 45 Ann. 1155.

With reference to the second remark of the District Attorney made

in the course of his argument, objected to by defendant, the trial judge is equally as positive that it did not prejudice the cause of the accused. The remark was scarcely germane to the subject and should not, perhaps, have been made. We have conceived no reason to disagree with the District Judge in regard to its not having been detrimental to the defense. "Where such statements though of matters not in evidence, and hence improperly made, are immaterial, or, at least, not prejudicial, they will afford no ground for a new trial." Thompson on Trials, Vol. 2, p. 747.

In the next bill of exceptions in the order in which they were taken, numbered two, defendant, it appears, objected on the ground that the verdict is contrary to the law and the evidence. This ground it has long since been settled is not of itself reviewable on appeal.

The other ground set forth in the bill regarding the remarks of the District Attorney in his closing argument is only a repetition of the grounds heretofore decided in passing upon grounds urged in bill number one.

The next ground is equally untenable on appeal, that is, the alleged discovery of new evidence, in view of the fact that if the evidence is true as alleged, it goes to impeach the testimony of witnesses who have testified in the case.

In his motion in arrest of judgment, defendant alleged "that the " District Attorney had not signed the bill of indictment, also that " the indictment charges substantially that defendant did, on the 30th " of November 1901, attempt to bribe a witness named————; " that defendant shows that the foundation of the charge of attempt- " ing to bribe was set forth in the indictment to be in a case pending; " that the burden of proof was upon the State and the State failed to " prove the most material part of the charge; that a case was pending " at the time that the offense was alleged to have been committed."

With reference to the District Attorney's oversight in not signing the indictment, we find a ready answer in the fact that the authorities have long since settled that this is not fatal to the indictment.

As relates to the fact asserted by defendant, as set forth in the bill of exception from which we have before quoted, we are informed by the statement of the trial judge, embodied in the bill, that the evidence shows that a criminal case was pending against defendant (in the

court over which he presided) on the twenty-third day of November, 1901, and that on that day the defendant attempted to bribe the witness Lethro Jackson.

It appears from this statement that when the crime was shown to have taken place a criminal case was pending.

Our review of the different grounds has not resulted in our finding such error as would justify us in setting aside the verdict, sentence, and judgment of the court.

It is therefore ordered, adjudged, and decreed, for reasons assigned, that the verdict, sentence, and judgment, appealed from are affirmed.