No. 14,507.

STATE OF LOUISIANA VS. SULLIE CHARLES.

SYLLABUS.

1.  Even should error be committed by a judge on the trial of a criminal case, that fact will avail nothing to the accused, if the error be as to an immaterial matter, working no prejudice.

2.  The matter of continuance of cases is left very much to the discretion of the trial judge, and his action will not be interfered with, unless the discretion be plainly abused.

APPEAL from the Nineteenth Judicial District, Parish of St. Martin—*Foster, J.*

---

The opinion of the court was delivered by

NICHOLLS, C. J.   The defendant has appealed from a sentence under conviction of horse stealing. His grounds of complaint are that the court improperly refused his application to have his case, which had been fixed for trial for a particular day, reassigned for a later day of the term, and because on the trial of the cause, Davis, one of the witnesses on the stand for the State, was permitted, over his objections, to testify that in answer to a telephonic message sent by himself from St. Martinsville to one Numa Gilbeau (the alleged owner of the horse averred to have been stolen), at Crowley, in which he had given him a full description of the horse, and asked him whether the horse was his,

he had answered "Yes." The objection urged was that the testimony was "hearsay." The court ruled that "where voices were recognized by parties talking to each other over the 'phone, testimony directly connected with the crime was admissible as much so as if they had been in presence of each other in actual conversation." The bill of exception discloses the fact that after Guilbeau had been so communicated with, "he went from his residence to that of the witness with witnesses and they identified the horse as his."

We understand appellant's objection to reach no further than to the conversation which took place between the parties through the telephone. Conceding that the identification of the party with whom, one holds a communication by telephone through recognition of the voice is so uncertain and dangerous as should cause it to be not receivable in law, we would find no occasion to reverse the verdict of the jury and sentence of the court by reason of the court's having permitted this particular conversation to have been received in evidence. The conversation was without significance in the case. It was an immaterial fact as to how and when Guilbeau became apprised of his horse being in the possession of Davis. The identification of the horse and the proof of ownership were not through the declaration of Guilbeau then made, but through his testimony and that of others taken at the trial.

Defendant, on the 12th of May, the day assigned for the trial of the cause, moved the court for a reassignment of the same. He averred that * * *

Owing to his penury being in jail, he had been unable to employ counsel to defend him.

That he had found recently, since the recess of the court on the 10th inst., an attorney, to-wit: E. Simon, Esq., who had agreed to defend him. That he was entitled, for the above reasons, to a reassignment of the case for trial and a continuance thereof up to that time.

That one of his witnesses, Philias Beaudouis, resided at Crowley, La., outside of this parish; that he expected to prove by said witness that he did not steal the horse. That he lived in Crowley, in Acadia Parish, then, and was there up to 21st of January. That he had also another witness, a non-resident, whose home he could not ascertain just now, but which he would later on, who pretended that he would identify him, but did not. And another witness, J. B. Jackson, of Beaumont, Texas, who would prove he was all January in Beaumont.

That the attorney for his defense had had no time to prepare his defense and procure his witnesses. That he was willing to do all the diligence possible, and had thus far made all the diligence he could in the matter; that the evidence of said witnesses was material; that he expected to be ready or trial and would procure his witnesses and their evidence or that time; that this application was not made for delay, but to obtain justice.

*Walter Guion,* Attorney General, and *Anthony N. Muller,* District Attorney (*Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Edward Simon,* for Defendant, Appellant.

The reassignment was refused for the following reasons assigned by the judge:

"The facts are that the defendant was arraigned on the 5th or 7th of May, 1902; that he was represented by counsel, who was Judge Edward Simon, who plead not guilty for him and asked for trial by jury. This case was fixed, without objection, for the 12th day of May, 1902. A rule of court is before entering upon regular business of the day the court calls for motions; counsel who represented the accused at the time of the arraignment and at the time the motions were being called for on the day the trial was fixed and before the regular business of the day had been called, arose and stated to the court that he desired his name to be stricken from the records as counsel of the accused, because the party accused had not complied with the agreement as to the payment of the fees entered into by the bar of the parish, but at the same time stated that he had agreed to take the case of the accused out of charity. The court thereupon stated to him that this would be a matter to come up when the accused was called for trial. After all the motions were over with and the case was called the counsel then stated as above and asked for a reassignment of the case, because he had only been spoken to on the Saturday previous and the arrangements as to his fee had been made through the father of the accused. Then, as a fact, he had no time to summon witnesses, one of whom is named Elias Baudouin, living in Crowley, La., and the other by name of Jake Johnson, living in Beaumont, Texas. The

order book shows that said two witnesses were summoned four days previous to the trial by an order of the accused given to the sheriff; that on the day of the trial the returns were filed in the trial of the case by the sheriff of the said respective parishes, showing that no such parties could be found.

The defendant's counsel thereupon made a verbal motion for a reassignment or continuance of the case upon the grounds that he did not have his witnesses; the counsel for the State objected to a reassignment substantially upon the grounds above stated and on the further ground that he had only a week's jury remaining and his docket was crowded for every day of that week and would not consent to reassignment, it being the only week of the jury. Counsel for the accused then asked for continuance and the State attorney stated that he would consent to no continuance and exacted of the accused counsel a written motion to that effect. Time was granted to him for making same, and the motion for continuance was overruled.

1st.—Because the motion does not comply with the requisites of the law granting a continuance, in that it does not set forth that he could not prove the alleged facts by any other witness.

2nd.—That in matters of this kind if permitted at all and if the counsel for plaintiff had just been employed and appointed in the case, the attorney thus appointed must make the affidavit for time to make proper defense on account of want of time between the time of his appointment and the time of trial.

3rd.—Because, in summoning witnesses outside of the parish, the law requires that the application shall be made in writing as to the materiality of the testimony set forth that said testimony is immaterial and it must be sworn to by accused which was not done in this case.

4th.—Because he has no right to the presence of witnesses residing in another State through process issuing from this State."

The granting or refusing of a continuance rests largely in the discretion of the trial judge. We do not think he has abused his discretion in this case.

The judgment is affirmed.