(35 South. 395.)

No. 14,991.

STATE v. FULLER.

(Nov. 16, 1903.)

COURTS—FIXING CASES—PUBLICATION OF NOTICE—CRIMINAL LAW—CONTINUANCE—WITHDRAWAL OF ATTORNEY.

1. There is no law requiring the publication in the newspapers of notice of the fixing of cases in the district courts.
2. The matter of granting or refusing a continuance is largely within the discretion of the trial judge, and, when the continuance is refused upon a question of fact, his ruling will not be disturbed.
3. The refusal of the trial judge to permit the attorney for the defendant to withdraw after a continuance has been refused, and the jury called, works no injury to the defendant.

(Syllabus by the Court.)

Appeal from Fifth Judicial District Court, Parish of Winn; Marion Franklin Machen, Judge.

Will Fuller was convicted of robbery, and appeals. Affirmed.

Wallace, Moss & Jones, for appellant. Walter Guion, Atty. Gen., and Allen Byber Hundley, Dist. Atty. (Lewis Guion, of counsel), for the State.

### Statement of the Case.

MONROE, J. The record shows that the persons named as defendants in this case were charged with robbery; that they were arraigned and pleaded July 10, 1902; that the case was then fixed for July 21st, but apparently was not reached until July 26th, when it was continued, upon their application, because of the absence of MacBride, a witness who had been summoned on their behalf, and whom the court then ordered the sheriff to attach and to hold, unless he gave bond for his appearance; that the defendants themselves were thereafter released on bond, and that, after a fixing in February, 1903, when neither of them appeared, their case was again set down for August 14, 1903, at which date Daffney failed to appear, and Fuller again asked for a continuance because of the absence of the witness MacBride; and that, the continuance having been refused, and Fuller having been convicted and sentenced, he is now before this court by appeal, presenting his case by means of four bills of exception, which will be considered seriatim:

### Opinion.

1. From bill No. 1 it appears that he objected to going to trial or to filing a motion for continuance, on the ground that no return had been made on the attachment which had been issued the year before for MacBride, and on the further ground that he had not been properly notified of the fixing of the case.

As he subsequently made a formal application for a continuance because of the absence of his witness, the consideration of the first of these grounds will be pretermitted.

As to the second, it appears that the regular term of the court began in July, but that it was extended and the cases postponed for two weeks by reason of sickness in the family of the district attorney. The defendant makes the objection that other cases were originally fixed for particular days during the regular term, and that notice thereof was given by publication in the newspapers of the parish "as shown" (to quote the language of the bill) "by notice attached to this bill and made a part of the same." The notice referred to is not attached, however, and if it had been it would merely have afforded evi-

dence of journalistic enterprise, as we know of no law requiring such publication. Beyond this, the defendant was in attendance, expecting his case to be called, and he makes no complaint of irregularity in the fixing, either in the motion for continuance subsequently filed by him, or in his motion for new trial.

2. From bill No. 2, and from the motion for new trial and the bill No. 4 taken to the overruling of the same, it appears that the defendant made a motion and affidavit for continuance, based on the absence of the witness MacBride. He states, among other things, that some time prior to the month of January, 1903 (6 or 7 months before the date of the trial), he told Mr. Dickerson, a deputy sheriff, of the whereabouts of the witness, in the parish of Bienville, but that he did not tell his counsel, as he considered it the duty of the sheriff to act upon the information given him. It appears that he also, upon the day of the trial, caused an attachment for the witness to be placed in the hands of the sheriff, upon which that officer, without leaving the courtroom, made the following return, to wit:

"Received the within attachment in office August 14, 1903, and, after making diligent inquiry, I return the attachment unexecuted, for the reason that MacBride is a transient character—cannot be found—his whereabouts are unknown. He left this parish within a very short time after he was subpœnaed, more than a year ago. Attachments were issued for him months since, and I sent an attachment to the parish of Bienville, in which parish I was informed, by one of the attorneys for the defense, that MacBride resided. I sent another attachment to the parish of Caddo, where, one of the defendants told me, MacBride was at work. I have written letter after letter to those officials asking them to execute the attachments, but to my hands no returns have come."

The trial judge, in signing bill No. 2, says:

"The continuance was refused for the reason that the defendant had failed to exercise due diligence required by law, in the fact that he swore that he knew last January that

his witness was in Bienville parish, and never even informed his counsel of that fact; and for the further reason that a continuance has already been granted on account of the absence of the same witness, and that this affidavit is only made for delay. The record also shows that the bond of defendant was once forfeited for his nonappearance to answer this charge."

And in signing the bill No. 4, he says:

"The court is of opinion that the accused had a fair trial, by an impartial jury, and the law and the evidence fully support the verdict rendered, and that it should remain undisturbed."

It is evident that, during the six months which preceded the trial, neither the defendant, who was at large, nor his counsel, concerned himself or themselves about the witness, since it does not appear that they, or either of them, made any inquiry of the sheriff about him.

The matter of granting or refusing a continuance is largely within the discretion of the trial judge, and his ruling in refusing a continuance upon a question of fact, such as whether due diligence has been used to procure the attendance of a witness, will not be disturbed. State v. Brette, 6 La. Ann. 653; State v. Nathaniel, 52 La. Ann. 558, 26 South. 1008; State v. Hunt, 4 La. Ann. 438; State v. Bradley, 6 La. Ann. 554. See, also, State v. Foster, 36 La. Ann. 877; State v. Redmond, 37 La. Ann. 774; State v. Celestin, 48 La. Ann. 273, 19 South. 119; State v. Rodrigues, 45 La. Ann. 1041, 13 South. 802; State v. Guillory, 45 La. Ann. 31, 12 South. 314.

3. The bill No. 3 was taken by the counsel for the defendant to the refusal of the judge a quo to permit them to withdraw from the case after their application for continuance had been denied and the jury had been called. As the counsel do not refer to this bill in the brief filed by them, we presume that it is abandoned. Certain it is that the defendant sustained no injury by reason of the ruling to which it refers.

For these reasons it is ordered, adjudged, and decreed that the judgment appealed from be, and the same is hereby, affirmed.