(63 South. 492.)

No. 20,231.

STATE v. ROBERSON.

(Nov. 17, 1913.)

*(Syllabus by the Court.)*

CRIMINAL LAW (§ 586*)—CONTINUANCE—DISCRETION.

Motions for continuance are largely in the discretion of the trial judge.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1311; Dec. Dig. § 586.*]

Appeal from Fifth Judicial District Court, Parish of Winn; Cas. Moss, Judge.

W. M. Roberson was convicted of retailing liquors without a license, and appeals. Affirmed.

Earl E. Kidd, of Winnfield, for appellant. R. G. Pleasant, Atty. Gen., and Julius T. Long, Dist. Atty., of Winnfield (G. A. Gondran, of Donaldsonville, of counsel), for the State.

SOMMERVILLE, J. Defendant was convicted of retailing liquors without first having obtained a license.

When the case was called for trial, defendant moved for a continuance on the ground that the liquor with which he was charged with having sold was "a malt liquor, known and labeled 'Ambrosia'"; that it was labeled nonintoxicating; that the same contained not more than 2 per cent. alcohol; that he had forwarded a bottle of said beverage to Dr. W. R. Dodson, chemist and director of the Experiment Station, etc., at Baton Rouge, for a chemical analysis; that a reply to his letter had been received; and that until said analysis and said report thereon were made he would not be able to go to trial.

The court, in overruling the motion, found that defendant had not used due diligence; that the bill of indictment was returned by the grand jury during the week preceding that of the trial; that the accused was immediately arrested, subsequently arraigned, and the case was fixed for trial about five days before the trial, during which period of time an analysis could have been made. It further states there was no assurance that Dr. W. R. Dodson would attend the next session of court which convened in October (the trial was had in August), or that his evidence could be had at that time. And there was nothing to show that the beverage analyzed by Dr. Dodson was the same as that sold by the accused and analyzed for the state, and shown by the testimony of the chemist to contain 4.5 per cent. alcohol. There was no error in the ruling. Motions for continuances are largely addressed to the sound discretion of the trial judge.

Judgment affirmed.