BRUNOT, J.
 

 The appellants were indicted, tried, convicted, and sentenced for the larceny of two hogs, and, from the verdict and sentence, they appealed.
 

 Appellants have not followed up the appeal in any manner, but have submitted the case on the transcript. There are two bills of exception in the record.
 

 Bill No. 1.
 

 This bill was reserved to a remark of the district attorney, made in the presence of the jury, during the cross-examination of a state witness. The bill recites that:
 

 “S. H. Dakin was on the stand as a witness for the state, he was asked as to which two hogs he referred to in his testimony, and the district attorney stated that he was describing the two hogs that the
 
 defendants stole.”
 

 Counsel objected to the remark and made it the basis of this bill. The pertinent part of the judge’s per curiam to the bill is as follows:
 

 “Counsel is in error. * * * The district attorney did not use the expression, ‘the two hogs the defendants stole.’ He used the expression, ‘the two hogs that were stolen.’ ”
 

 Counsel for defendants did not request the court for any instruction, but it appears that, of its own volition, the court instructed the jury to disregard the remark. It also appears from a statement dictated to the clerk by counsel for defendants, at the time of the occurrence, that the district attorney’s words were “the two hogs that were stolen.”
 

 The rule in this state is concisely stated in State v. Brannon, 133 La. 1027, 63 So. 507, as follows:
 

 “There is a presumption in favor of the regularity of a judicial proceeding, and, where the jury has been cautioned against paying any heed to the incautious remarks of the prosecuting officer, it will be presumed that they did so and that the accused was not prejudiced by them.”
 

 This court will not set aside the verdict of a jury on account of remarks of the prosecuting officer except in cases where the remarks are not only improper, but are well calculated to influence their verdict. State v. Williams, 107 La. 789, 32 So. 172; State v. Johnson, 119 La. 130, 43 So. 981; State v. High, 122 La. 521, 47 So. 878; State v. Brown, 126 La. 12, 52 So. 176; State v. Reeves, 129 La. 714, 56 So. 648; State v. Drummond, 132 La. 749, 61 So. 778; State v. Robertson, 133 La. 806, 63 So. 363; State v. Murray, 139 La. 280, 71 So. 510; State v. Mitchell, 119 La. 374, 44 So. 132.
 

 In the case of State v. Young, 114 La. 686, 38 So. 517, it is held that, where the court is not called upon to instruct the jury to disregard the utterances of counsel, the matter is not subject to review on appeal.
 

 BUI No. '2.
 

 This bill was reserved to an order of court requiring one of the defendants’ counsel, who was cross-examining a state witness, to conduct the examination in an orderly manner, and, upon the retirement of this counsel from the case, in overruling an oral motion of his associate counsel, for a continuance thereof, or, in the alternative, for a postponement of the trial.
 

 The bill recites that the court’s order was issued in the presence of the jury, and that it provoked a controversy between the court and counsel, whereupon the court retired the jury. After retiring the jury, the court severely reprimanded the counsel, and the latter withdrew from the case. Thereupon the two associate counsel moved the court for a continuance of the ease or that the trial be deferred for a short time, upon the alleged ground that the leading counsel had retired from the case and the two associate
 
 *499
 
 counsel were not familiar with the evidence or the defenses relied upon by him, and they felt that, if a continuance was not ordered or the trial was not deferred for a short time, the rights of the accused would thereby he jeopardized.
 

 The per curiam of the trial judge is lengthy. It appears on pages 11, 12, 13, and 14 of the transcript, and is an exhaustive recital of the several incidents upon which this bill is based. We do not consider it necessary to quote the per curiam, but will incorporate in this opinion only such parts of it as explain the action of the judge preceding the retirement of one of the defendants’ counsel from the case and such parts as refute the recitals of the bill.
 

 The judge informs us that during the progress of the trial a boy was sworn as a state witness, and this witness testified that he saw the accused with the hogs they were charged with stealing, that he informed another person of this fact, and that person reported the matter to the owner of the hogs. The witness was then tendered, and the judge says:
 

 “On cross-examination, Mr. McCain, while putting his questions rapidly, the witness, a mere boy unwittingly stated that it was a week before he saw the accused with the hogs when he reported it. * * * Mr. McCain, apparently seeing that the boy had made an inconsistent statement in fixing the date, began to try to get the boy to repeat the statement that it was before the happening of the alleged act of theft that he reported it, by asking him leading questions in rapid succession, not giving the boy time to collect his thoughts and answer one question before another question was asked. * * * While pursuing the questioning in this manner, Mr, McCain kept drawing his chair, in which he was sitting, closer and closer to the witness until he had drawn the chair up within about three feet from the witness, and pointing his finger with his arm outstretched almost into the witness’ face, and talking in a harsh and loud voice, apparently almost frightening him 'out of his .wits. * * * The district attorney complained of the manner in which Mr. McCain was conducting the examination, and the court in a mild manner and voice | requested Mr. McCain to conduct the examination in an orderly manner. * * * Mr. McCain took exceptions to the remarks of the court, turned to the court reporter and dictated a statement. When he had finished, the court, feeling that the conduct of counsel was reprehensible, undignified, unlawyerlike, and called for a reprimand, the jury was retired, and the court reprimanded him out of the presence of the jury. The court did not threaten to put him in jail as stated in the bill, but stated that, if he did not refrain from such conduct, it would find him in contempt of court.”
 

 Upon the completion of the court’s reprimand, Mr. McCain withdrew from the case, the jury was then recalled, and the court says:
 

 “Then it was that Judge J. A. Williams, one of the counsel, stated to the court that Mr. McCain was leading counsel, and requested a continuance of the case in order that the accused might have the opportunity to employ other counsel. This request was refused for the reason that there was nothing to indicate that Mr. McCain was the leading counsel.”
 

 The judge informs us that Judge Williams and Mr. LeCroix had taken an active part in the case from its inception, that they .were well able to conduct it to a conclusion, and that the three attorneys, McCain Williams, and LeCroix, had been employed by the accused at the same time and only an hour or so before the case was called for trial. It appears that the accused had tried to secure the services of another attorney, but, failing to do so, they employed the three attorneys named herein a short time before the trial began.
 

 With reference to the recital in the bill that the court refused their motion to defer the trial of the ease for a short time, the judge says:
 

 “Counsel, in the bill of exceptions, state further that they requested the court to give them time for a short while before proceeding, in order that the remaining counsel might intelligently examine the case and ascertain the facts in the ease and the line of defense, and the court refused to grant anything. This statement of counsel is wholly untrue. They made no such request, but they proceeded 'with the case.
 
 *501
 
 What actually happened, however, is that, when the state had rested its case, counsel for accused then requested time in which to consult their witnesses, and the court granted the request and gave counsel all the time they wished.”
 

 From the record it appears that the accused went to trial without objection, and presumably all of their witnesses were present in court. From the judge’s per curiam it appears that after the trial had progressed for some time one of the defendants’ counsel voluntarily withdrew as counsel, and their remaining counsel, for that reason, sought, by way of oral motion, to secure a continuance of the case.
 

 Continuances are only granted upon formal application, properly attested, and the purposes to be served by a continuance is to enable an interested person, who is not chargeable with a lack of due diligence, to secure the attendance of the witnesses he desires to have present or the documentary evidence he desires to file at a future trial of a pending litigation, or to secure some other substantial right. Applications for continuance rest largely in the discretion of the trial judge, and his rulings will not be interfered with unless a clear case of abuse of discretion is presented. State v. King, 31 La. Ann. 179; State v. Kane, 36 La. Ann. 153; State v. George, 37 La. Ann. 786; State v. Crawford, 41 La. Ann. 589, 6 So. 471; State v. Spooner, 41 La. Ann. 780, 6 So. 879; State v. Rodrigues, 45 La. Ann. 1040, 13 So. 802; State v. Perry, 51 La. Ann. 1074, 25 So. 944; State v. Keiner, 52 La. Ann. 1476, 27 So. 961; State v. Mathis, 106 La. 263, 30 So. 834; State v. Charles, 108 La. 230, 32 So. 354; State v. Baptiste, 108 La. 586, 32 So. 461; State v. Powell, 109 La. 727, 33 So. 748; State v. Fuller, 111 La. 85, 35 So. 395; State v. Michel, 111 La. 434, 35 So. 629; State v. Murray, 111 La. 688, 35 So. 814; State v. Johnson, 116 La. 30, 40 So. 525; State v. Pointdexter, 117 La. 380, 41 So. 688; State v. Douglas, 116 La. 524, 40 So. 860; State v. Roberson, 133 La. 991, 63 So. 492; State v. Hollingsworth, 134 La. 554, 64 So. 409; State v. Sinigal, 138 La. 469, 70 So. 478; State v. Jack, 139 La. 885, 72 So. 429.
 

 In the case of State v. Murry, 136 La. 253, 66 So. 963, this court held that:
 

 “A motion for a continuance, based upon the absence of one and the want of preparation of another of defendant’s attorneys, when he is also represented by a third attorney, is addressed to the” sound “discretion of the trial judge, and his refusal to grant the continuance will not be interfered with.”
 

 In the case of Johnson v. Dean, 48 La. Ann. 100, 18 So. 902, it was held that:
 

 “The ruling of the district judge declining to grant a continuance when associate counsel is present, on account of the absence of leading counsel engaged in professional business elsewhere, will not be disturbed.”
 

 For the reasons stated, we find no merit in either of the defendants’ bills of exception, and no error in the court’s reprimand of one of the counsel in the ease, or its ruling on the motion for a continuance. The verdict and sentence are therefore affirmed.