58 So.2d 195

**STATE v. WASHINGTON.**

No. 40467.

Feb. 18, 1952.

Robert I. Broussard, New Orleans, for appellant.

Bolivar E. Kemp, Jr., Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Severn T. Darden, Dist. Atty., Phil Trice, Asst. Dist. Atty., New Orleans, for appellee.

MOISE, Justice.

George Washington was convicted of simple robbery, that while on the public street, a young woman's pocketbook was snatched by him. For this offense he was tried, found guilty, and the sentence imposed by the court.

The crime with which defendant was charged occurred on July 6, 1950. He was arrested on July 10, 1950, and freed on bail July 14, 1950. He was arraigned on July 26, 1950, at which time he was represented by Waverly A. Henning, Esq. The case was first fixed for trial on October 11, 1950, and continued on defendant's motion to October 25, 1950; on October 25, 1950, the second fixing, the State moved for a continuance. On March 29, 1951, the date of the third fixing, the State again moved for a continuance, due to the trial of another case taking precedence.

He presents his appeal to this court from the conviction and sentence by way of two bills of exception, the first taken to the overruling of his oral motion for a continuance made on the day the case was called for trial, the second taken to the overruling of his motion for a new trial.

Bill No. 1. There was no error in overruling the motion for a continuance, orally made. True, it was dictated into the official stenographic transcript and embodied in Bill No. 1, but it was not presented to the trial court in writing, nor accompanied by the requisite affidavit of either accused or his counsel. Defense counsel has assigned in brief as his reasons for making this motion orally (1) that such practice is permitted in certain country parishes in which he had theretofore appeared and (2) having been called into the case only the day preceding, in order to secure a continuance, he had not had time to prepare to go to trial and had anticipated that a continuance would be granted. The general rules of procedure in criminal cases are sui generis, and must be strictly adhered to. Article 321, Code of Criminal Procedure, LSA–R.S. 15:321, provides: "Every application for a continuance shall be by written motion alleging specifically the grounds upon which it is based. The allegations of the motion when made on behalf of the accused, must be sworn to by him or his counsel." See also, State v. Lofton, 164 La. 496, 114 So. 109; State v. Patterson, 176 La. 1013, 147 So. 62.

Bill No. 2. The motion for a new trial and its refusal gave rise to Bill No. 2. This motion reincorporates the ground urged in Bill of Exception No. 1. The motion for a continuance admittedly was not in conformity with Article 321 of the Code of Criminal Procedure which requires it to be in writing and sworn to by accused or his counsel. The defense was a simple alibi already prepared by Mr. Henning (former counsel) who summoned the witnesses. The accused was granted the substantial right of compulsory process for the attendance of witnesses. His counsel was given some *five hours* in which to examine the witnesses and the defendant, and to file the proper procedural motion. The court on two occasions asked the defendant if he desired any other witness to be examined and he exercised the right to summon one more, other than the witnesses summoned by Mr. Henning. When the noon hour arrived, counsel appeared before the court and stated that he did not appear as an appointee of the court to represent the defendant but appeared as his counsel. He did not reurge his motion for a continuance nor at that time object to proceeding with the trial. Under these circumstances, the defendant has not been prejudiced and we will not reconsider Bill No. 1, which we have already passed upon. We therefore address ourselves to the second grounds urged in the motion for new trial, which is newly discovered evidence, and in connection with this subject, the defense has urged that he was unable to have the evidence and the witnesses produced personally upon the previous trial, though he had acted with all due diligence. Two witnesses were heard, who testified to matters concerning defendant's arrest near the scene of the crime four days after it had been committed.

Article 508 of the Code of Criminal Procedure, LSA–R.S. 15:508, provides: "The motion for a new trial is based upon the supposition that injustice has been done the accused, and, unless such is shown to have been the case, the application shall be denied * * *."

Article 509 of the Code of Criminal Procedure, LSA–R.S. 15:509, provides:

"A new trial ought to be granted:

    *    *    *    *    *    *

"(3) Whenever since verdict new material evidence has been discovered that could not have been discovered with reasonable diligence before or during trial;"

Article 511 of the Code of Criminal Procedure, LSA–R.S. 15:511, provides: "To entitle the accused to a new trial on the ground of newly-discovered evidence, it must affirmatively appear that notwithstanding the exercise of reasonable diligence, the evidence was not known before or during the trial, but has been discovered since; that said evidence is not merely cumulative * * *. These allegations must be recited in the motion and be sworn to by the accused."

The trial judge in his per curiam has this to say:

"The testimony of the two witnesses heard by the court on the motion for a new trial, in substance supports the explanation given by defendant on the trial as to his presence at St. Charles Ave. and Peniston St. at the time of his arrest, four nights after the alleged offense had been committed. In other words, this testimony merely tends to corroborate his statement as to his place of residence and his accidental presence at or near the scene of the crime at the time of his arrest.

"If these two witnesses had been heard on the trial of the case, it is difficult to see how the result might have been affected one way or the other. Of the fact that defendant was at or near the scene of the crime at the time of his arrest, there is no doubt. How he came to be there, whether by accident or intention at the time of his arrest, could not possibly have had any bearing on the issue decided by the jury. The trial jury's verdict did decide where he was on the night of the crime. That issue was presented by the identification of the state witnesses, and defendant and his three alibi witnesses, as to his presence elsewhere

    *    *    *    *    *    *

"Furthermore, the testimony of these two witnesses is cumulative and corroborative, and nothing more. In each instance, these witnesses' testimony merely tends to corroborate defendant's explanation of his presence at or near the scene of the crime at the time of his arrest."

The law in its majesty has spoken through the above quoted articles of the Criminal Code of Procedure. The defense being a simple alibi, the same witnesses that were summoned by former counsel were used in this case. The court exercised compulsory process for the attendance of the

witnesses. The newly discovered evidence was not such, from the codal articles, that was permissible for the granting of a new trial. We do not believe from the showing of the record that the accused was prejudiced in any way, or that the guaranties granted by the Constitution had been violated. He was represented by counsel young in years but old in hours, as shown by the able defense presented.

The judgment appealed from is affirmed.