271 So.2d 45 (1972)
STATE of Louisiana
v.
Bill McLEOD.
No. 52627.
Supreme Court of Louisiana.
November 28, 1972.
Rehearing Denied January 9, 1973.
Opinion January 15, 1973.
*46 Allen C. Hope, Jr., Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
PER CURIAM.
The defendant, Bill McLeod, was convicted in the Criminal District Court for the Parish of Orleans, of the crime of armed robbery, La.R.S. 14:64, and sentenced to 20 years at the Louisiana State Penitentiary. He appeals his conviction and sentence alleging prejudicial error, in eight bills of exceptions reserved and perfected during the proceedings.
Bill of Exceptions No. 1 was reserved to the trial court's denial of a motion to quash the Bill of Information. The motion alleged that the petit jury venire was unconstitutionally constituted in that the members of the black race were not proportionately represented in the venire, and that members of the female sex were not proportionately represented therein due to the fact that La.C.Cr.P. Art. 402 excludes women from jury service unless they have filed a declaration of their desire to be subject to jury service.
Defendant made no showing that the jury venire contained a disproportionate representation of any race. Moreover, *47 it is manifest that the procedures followed in selecting prospective jurors leave no room for systematic exclusion of the Negro race. Therefore the bill of exceptions is without merit as to this contention.
As to the complaint that the jury venire is unconstitutionally constituted because La.C.Cr.P. Art. 402 gives women an exemption from service unless they file a declaration of their desire to serve, we find that there is no merit in this argument. This issue has been disposed of by the Supreme Court of the United States in the case of Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118 (1961). There the court held that a statute similar to La.C.Cr.P. Art. 402 was constitutional in that it did not violate the "impartial jury" provisions of the U.S. Constitution.
Quoting from Hoyt, supra:
"We cannot say that it is constitutionally impermissible for a State, acting in pursuit of the general welfare, to conclude that a woman should be relieved from the civic duty of jury service unless she herself determines that such service is consistent with her own special responsibilities."
Thus, the bill of exceptions is without merit.
Bill of Exceptions No. 2 was waived by counsel for the defendant in brief.
Bill of Exceptions No. 3 was reserved to the trial court's refusal to grant defendant's motion to suppress a gun found on the defendant at the time of his arrest. The facts surrounding the arrest are as follows:
The defendant was the passenger in a vehicle which was driven by Gerald Broussard. The vehicle was stopped by Trooper Jules Borgue as it was proceeding on a highway east of Lafayette, La. Officer Borgue testifies that he stopped the car because he observed that the passenger was "slouched down as if hiding" when the car passed his unit which was parked by the roadside. Prior to this the officer had been alerted by radio that "three white males out of New Orleans were wanted for a criminal act." The radio broadcast also included a description of the wanted men and their dress.
Upon stopping the vehicle, the officer ordered the occupants to get out, at which time he noticed that the passenger (the defendant) fit the description of one of the wanted men.
Subsequently, the officer radioed for assistance and Trooper Roy arrived in response to this call. At this point Roy was informed by Gerald Broussard, the driver, that the defendant had kidnapped him and had a gun in his shirt. Officer Roy then approached the defendant and took the gun from the defendant's waistband.
Counsel for the defendant contends that there was no probable cause to arrest the defendant at the time the gun was taken from him, therefore the search should be invalidated.
At the time of the search the officers were armed with enough facts to conclude that there was probable cause for the arrest of the defendant. The clothes which he was wearing fit the description of one of the men wanted out of New Orleans. Furthermore, the officers were informed by the driver of the automobile that the defendant had a gun and had kidnapped him. We conclude that these facts were sufficient to constitute probable cause to arrest the defendant. Therefore, this search incidental to the arrest is valid. State v. Robinson, 261 La. 1029, 261 So.2d 654 (1972).
The bill of exceptions is without merit.
Bill of Exceptions No. 4 was reserved to the trial court's denial of a request for pre-trial discovery of any oral statements made by the defendant. Under our jurisprudence, the defendant is not entitled to pre-trial discovery of his oral statements. State v. Daniels, 262 La. 475, 263 So.2d 859 (1972). The bill of exceptions is therefore without merit.
*48 Bill of Exceptions No. 5 was withdrawn by counsel for the defendant.
Bill of Exceptions No. 6 was reserved during the State's examination of Dr. Ralph Sagrera, the victim of the armed robbery. Defense counsel objected to anything allegedly stated by the defendant as quoted on the witness stand by Dr. Sagrera, as being hearsay. The statements were made by the defendant to the victim contemporaneously with the act of armed robbery. State v. Shaffer, 260 La. 605, 257 So.2d 121 (1971). The bill of exceptions is without merit.
Bill of Exceptions No. 7 was reserved to the trial court's overruling the defendant's motion for mistrial. The motion for mistrial alleged that the district attorney had made prejudicial remarks in the presence of the jury. We are in accord with the per curiam of the trial judge that the remarks of the district attorney were not of such a nature as to warrant a mistrial. There was no prejudice to the defendant. State v. Lofton, 164 La. 496, 114 So. 109 (1927); State v. Shoemake, 143 La. 65, 78 So. 240 (1918).
The bill of exceptions is without merit.
Bill of Exceptions No. 8 was reserved to the trial court's ruling that a state witness, Officer Roy, could testify that he received a complaint from Gerald Broussard and what he did as a result of the complaint. The defendant objected to this testimony on the grounds that it was hearsay.
As to the complaint, it is well settled that an officer can testify that a complaint was made, and what action he took as a result of that complaint. State v. Favre, 255 La. 690, 232 So.2d 479 (1970). The testimony as to what he did following the complaint is not hearsay, because it is not an out-of-court statement, but merely testimony as to his actions. Therefore, the bill of exceptions is without merit.
For the reasons assigned, the conviction and sentence are affirmed.

ON REHEARING
We neglected to deal with certain issues raised in Bill of Exceptions No. 8.
Bill of Exceptions No. 8 was reserved to the trial court's ruling permitting Officer Roy to testify on cross examination that Gerald Broussard stated to the officer that he had been kidnapped and robbed by the defendant. The state also sought to elicit testimony that the officer immediately thereafter arrested the defendant for kidnapping and armed robbery.
Defense counsel objected to this attempt by the state on the grounds that the testimony sought was:
1. Hearsay
2. Beyond the scope of the direct examination.
3. Evidence of a crime for which the defendant was not charged.
4. Evidence of a crime to show system and intent, which crime was not alluded to in the opening statement.
We have disposed of the first ground for the objection in our original opinion. The second basis of the objection is likewise without merit. La.R.S. 15:280 provides:
"When a witness has been intentionally sworn and has testified to any single fact in his examination in chief, he may be cross-examined upon the whole case. Acts 1966, No. 311, § 2, eff. Jan. 1, 1967."
Therefore, Officer Roy after being called as a defense witness was subject to cross-examination on the whole case, and the state is not restricted to the subject matter of direct. State v. Williams, 250 La. 64, 193 So.2d 787 (1967).
The third basis for the objection is that the testimony was evidence of a crime for which the defendant was not charged. We assume defense counsel is contending that since the testimony is evidence of another crime, then it is irrelevant to any of the issues in the present case.
The rules of evidence require that a defendant be convicted only through *49 evidence relevant to the particular crime charged. Evidence of his propensity to commit crimes, such as evidence of other criminal acts is inadmissible because legally it does not tend to prove that the defendant committed the particular crime charged.
However, in the instant case evidence of the fact that the defendant kidnapped Gerald Broussard is relevant to the charge of Armed Robbery, not for the reason that it shows the propensity of the defendant to commit crime, but for other important reasons. The first is that it placed the defendant in the general area that state troopers had identified and located the vehicle which was stolen from the victim of the armed robbery with which the defendant is charged. The second basis of the relevance of testimony that defendant kidnapped Gerald Broussard is that this evidence shows that he was in possession of a gun on the night of the armed robbery. Under these circumstances, it was not error for the trial court to allow this testimony into evidence.
The final basis for the objection urged by defense counsel is that the state failed to mention in the opening statement that it intended to use such evidence.
La.C.Cr.P. Art. 769 provides:
"Evidence not fairly within the scope of the opening statement of the state shall not be admitted in evidence."
However, we have held that the state is not required to disclose every shred of evidence in the opening statement. It is sufficient if he explains the nature of the crime charged and the purport of evidence by which he expects to establish the charge. State v. Dillon, 260 La. 215, 755 So.2d 745 (1971). We note that the state's opening statement accurately disclosed the circumstances surrounding the arrest of defendant and therefore he was placed on notice concerning this evidence. (See R-137). This basis for the objection is without merit.
For the reasons assigned herein, the application for rehearing is denied.