13   309
117  386

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## The State *v.* F. Vigoreux, alias Frank.

The law vests in the District Judge the discretionary power of continuing a case, if he thinks justice requires it—there is no law to prevent him from granting a brief delay even during the progress of a cause for the purpose of summoning a new witness, either for the State or the accused. But an abuse of this power which might operate prejudicially to the accused, will not be sanctioned; it must be a proper case.

APPEAL from the First District Court of New Orleans, *Hunt,* J.

E. W. *Moïse,* Attorney General, for the State. *M. M. Reynolds* and *J. M. Leggett,* for the appellant.

MERRICK, C. J. The case comes up on a single bill of exception.

The accused was on his trial for murder. The acts of the court of which he complains, are stated in the bill of exceptions as follows, viz:

STATE
v.
VIGOREUX.

"Be it remembered that on the trial of this cause, and after the Attorney General had declared himself ready for trial, and the jury empannelled, and all the witnesses for the prosecution having been examined, the Attorney General stated, that he was taken by surprise in not being able to establish a fact by the witnesses, a fact stated in their testimony before the Recorder, but which the witness stated was an error; the Attorney General asked for a subpœna for a witness who had never been subpœnaed, and prayed that the case be suspended for the purpose of getting said witness. The case was suspended by order of the court, the witness brought in after some time and examined; to which ruling, and examination of said witness, *Jamison*, the defendant, by counsel excepted, and now prays this, his bill, be signed, which was done accordingly, and before the defendant declined offering any evidence.

24th November, 1857.          (Signed)          T. G. HUNT, Judge."

Waiving the objection that the bill of exception does not state the ground upon which the testimony was excepted to, and considering the objections urged by appellant's counsel as those urged in the lower court, we discover no such error as will vitiate the verdict or judgment of the court thereon.

The law vests in the District Judge the discretionary power of continuing the case if he thinks justice requires it. He controls the adjournments of his courts from day to day, and we are not aware of any law which prevents him from granting a brief delay (in a proper case) even during the progress of a cause, for the purpose of summoning a new witness, either for the State or the accused.

But it is urged, that if the court is permitted to delay the case for one witness, it might be delayed for many—if for one hour, it might be for a day or a month, and thus the accused would be prevented from having a fair, speedy and impartial trial, and thus he might be taken by surprise and prevented from showing the character of the witnesses, suddenly confronted with him, and of rebutting their evidence.

An abuse of the power vested in the District Judge, might operate prejudicially to the accused, in this as in other cases, but it is not pretended that there was any abuse of power in the present instance. There is nothing to show that the District Judge delayed the case an unreasonable length of time, nor that the accused was taken by surprise by the testimony elicited from the witness, or that he was in any other manner prejudiced by the introduction of the proof considered in a legal point of view.

Judgment affirmed.