No. 7023.

### The State vs. James V. White.

As a general proposition, the question whether an application for a change of venue in a criminal case shall be granted, or refused, is a question which is confided exclusively to the discretion of the lower court.

The charge given by the judge to the jury, in the trial of a criminal case, to the effect that unless it was shown that the killing was done while the accused and the deceased were clutched, or in actual combat, it was not done in the heat of passion, but through malice, is fatally erroneous, and will authorize the setting aside of the verdict. The special grade of crime involved in a homicide, is not to be determined by the mere fact that the parties were, or were not, at the moment of the killing engaged in an actual struggle, but by other facts showing malice, or the absence of malice.

APPEAL from the Seventh Judicial District Court, parish of West Feliciana. *Yoist, J.*

*H. N. Ogden,* Attorney General, for the State.

*R. C. Wickliffe* for the defendant and appellant.

The opinion of the court was delivered by

Manning, C. J. The prisoner was convicted of murder and sentenced to death. Upon appeal to this court, he complains of error in the ruling of the lower court in several particulars, of which two only need be noticed.

State vs. White.

The prisoner moved a change of venue upon his own affidavit, and the supporting proof of four witnesses, that he could not have a fair and impartial trial in the parish of West Feliciana, because of the existence of prejudice in the public mind against him. No evidence was offered by the State in rebuttal. The judge refused the motion, declaring the evidence insufficient, by which we understand him to mean, it did not convince him that an impartial trial could not be had there. It is also stated in the bill of exceptions that the four witnesses proved the fact, and we read this as an awkward and inaccurate way of saying that the witnesses swore to the fact, for if it were meant that the fact of inability to have a fair trial was established, it would be difficult for the judge to explain why he forced the prisoner to stand a trial which was not fair.

The question, as it is presented in this case, is not within our cognisance. We are not prepared to say that a case might not arise, presenting a question of law on the refusal of a judge to grant a change of venue, of which we would have jurisdiction. But as a general proposition it is true that a change of venue in a criminal cause is confided to the discretion of the district judge exclusively, whose decision upon its propriety, rightfulness, and necessity is final. State v. Bunger, 11 Annual 607.

It was held in Indiana that the refusal of the lower court to change the venue in a criminal cause can not be assigned for error, and this is based on the phraseology of the statute there—"which change of venue the court may at its discretion award"—and consequently the discretion when exercised was not examinable on appeal. Findley v. the State, 5 Blackf. 576. Spence v. the State, 8 Blackf. 281. In Illinois, a prisoner is entitled to a change of venue whenever by petition, verified by affidavit, he brings himself within the requisitions of the statute, and the statute says the court shall in that case award a change. The language is peremptory, and does not admit the exercise of discretion. Clark v. the People, 1 Scam. 117. In Missouri, where the affidavits are required to be made by respectable witnesses, and the court refused the change because it did not appear that the witnesses were respectable, the Supreme Court held they must be assumed to be so until the contrary appeared, and that the court had not the right to refuse the change as a mere matter of discretion. Freleigh v. the State, 8 Mo. 606.

Our statute is, if on the hearing and examination of the evidence adduced, the judge shall be of opinion that the party applying can not have a fair and impartial trial in the parish where the indictment is pending, he shall award a change of venue. The absolute and imperative language of the statutes of Illinois and Missouri is absent here. The judge's opinion is to be formed after hearing the evidence, and is to control his action, and his ruling thereon refusing a change can not be

reviewed by us. It might be otherwise under a different application of the law to another state of facts.

The lower court charged the jury that unless it was shewn that the homicide was committed in actual combat, and a scuffle, a struggle was going on between the two parties, or while they were 'clutched,' it was not done in the heat of passion, but was done through malice aforethought.

This charge, made broadly and without qualification, was calculated to mislead the jury. It is not true that a homicide is mitigated from murder to manslaughter only when it is committed while the parties are actually 'clutched.' Where persons fight on fair terms, blows having been given by each, and after an interval, one draws a deadly instrument and inflicts a deadly injury on the other, it is manslaughter only, although it would be murder if the one inflicting the injury entered the contest dangerously armed and fights under an unfair advantage. State v. Hildreth, 9 Iredell, 429. The true principle is, that if a person, on whom an assault is made with violence, or circumstances of indignity, resent it immediately by killing the aggressor, and act therein in heat of blood and under that provocation, it is manslaughter only. State v. Tackett, 1 Hawks, 210. State v. Jarrott, 1 Iredell 76. The same rule applies to homicide in mutual combat, which is attributable to sudden and violent anger occasioned by the combat, and not to malice, as when two meet, not intending to quarrel, and angry words are used and a conflict suddenly occurs, in which blows are mutually given. If no unfair advantage is taken in the outset, and the occasion is not sought for the purpose of gratifying malice, and one seizes a weapon and strikes a deadly blow, it is homicide in heat of blood, and though not excusable, yet it is not murder. Manslaughter is principally distinguishable from murder in this, that though the act which occasions the death be unlawful, or likely to be attended with bodily mischief, yet the malice either express or implied, which is the essence of murder, is presumed to be wanting, and the act being imputed to the infirmity of human nature, the correction ordained for it is proportionally lenient. Com. v. Webster, 5 Cush. 295.

The fatal blow may have been inflicted while the parties were actually grappled, and yet the homicide may be murder, and on the other hand the blow may have been inflicted while the parties were not actually grappled and the homicide may be manslaughter. The fact that the combatants were, or were not, actually grappled, when the fatal blow is given, does not constitute the distinguishing feature of the one crime from the other, but the circumstances that preceded and attended the combat, which either shew malice prepense, or repel its actual or implied existence, determine the grade of the crime.

State vs. White.

The jury were not correctly instructed, and a new trial must therefore be had.

It is ordered and decreed that the verdict of the jury be set aside, the judgment of the lower court be avoided and reversed, and the cause be remanded for a new trial.