## No. 39.

WILLBERGA SCHNEIDER VS. ÆTNA LIFE INSURANCE COMPANY.

32 1049
107 387

The fixing by the Court of a return day on a commission to take testimony out of the State, does not, of itself, involve the continuance of the case, if it is, in regular order, reached and called for trial before the return day. The propriety of such continuance depends upon legal showing of sufficient diligence used in getting out the Commission.

The issue between Plaintiff and Defendant being, under a policy of life insurance, whether the insured was alive or not, Plaintiff contended that the best and only conclusive evidence of that fact was the personal presence before the Court of the person claimed by Defendant to be the insured, and that no other proofs should be admitted. HELD that Plaintiff's position is untenable, the insured being no party to the suit and not being within reach of the process of the Court.

APPEAL from the First Judicial District Court, parish of Caddo. *A. D. Land*, J., ad hoc.

Looney & Elstner for Plaintiff and Appellant.

T. F. Bell and T. Alexander for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. Plaintiff herein, holding policies of insurance upon the life of her husband, William Wackerle, brought this suit against the defendant, and, on a former trial, recovered judgment. An appeal was taken to this Court at the Monroe term of 1878. At that term, defendant filed affidavits to the effect that, since the trial in the District Court it has been discovered that William Wackerle, the husband of plaintiff, and the person upon whose life the insurance was effected, was not dead, but was then actually living in California. Upon these affidavits the court set aside the judgment and remanded the case to the District Court,

with instructions to receive proof solely as to the existence of the insured, and then to render judgment between the parties upon such new proofs and the evidence taken on the former trial. See case reported in 30 A. 1198. Upon a second trial in the District Court, had in compliance with above decree, judgment was rendered for the defendant, and plaintiff has taken this appeal therefrom.

Appellant excepts to two rulings of the judge *a quo* in the course of the trial, viz.:

First—In refusing a continuance applied for by appellant on sundry grounds, of which only one deserves notice, viz.: that plaintiff had applied for and obtained commissions to take testimony, made returnable on a day fixed by the court itself, and that said commissions had not been returned, and the delay allowed for the return thereof, had not expired, when this case was called for trial. The court overruled the motion for continuance, for the following reasons : " This case was continued at the last November term of this Court on the affidavit of plaintiff. The motion for continuance does not show any good reason why plaintiff or her counsel did not apply for commissions to take the desired testimony in time to secure the return of said commissions before the case was called for trial at the present term. The fixing of the return day by the court did not excuse the prior want of diligence of plaintiff."

The ruling of the court was manifestly correct. A party is entitled to a commission to take testimony of non-resident witnesses, at any time before trial, and in granting such commission, it is the duty of the judge to fix a return day ; but the fixing of such return day does not, of itself, involve the continuance of the case, if, in the regular order of procedure, it shall be reached and called for trial before the return day. The propriety of such continuance must depend upon the diligence which the party applying has displayed in getting out his commission. Otherwise, a party by taking out a commission shortly before the time when the cause would be tried in its regular order, and having the return day fixed, as prescribed in Art. 439 C. P., might always obtain a continuance, and thus take advantage of his own lâches.

In the case of Calhoun vs. Bank, 28 An. 260, relied on by appellant, it did not appear that there had been a want of diligence in applying for the commission, but, on the contrary, it is expressly stated that the plaintiff took out the commission " shortly after the suit was filed." The *dicta* of that decision must be limited to cases where there was no want of due diligence in applying for the commission.

Second—Error is alleged in the ruling of the judge *a quo* admitting, over the objections of counsel for plaintiff, the testimony of certain witnesses of defendant taken under commission. The grounds of objection were as follows :  " The only issue in this case being the actual

Schneider vs. Ætna Life Insurance Company.

living existence of William Wackerle,      *      *      *      *
the best and only conclusive evidence or proof of the issue thus made,
is the personal presence before this court of the person "claimed by de-
fendant to be the said living Wackerle," and plaintiff urged her right to
examine said person personally and before this Court; and, further,
that tne testimony offered in this form was secondary, and at the utmost
but mere opinions of witnesses."

There was nothing whatever in these objections, and they were
rightly overruled. If the person, whose identity was in issue, had been
himself a party to the action as claimant of some right based on such
identity, as in the famous Tichborne case, the opposite party might
have demanded a view of his person and the opportunity of personal
examination in presence of the court. Such was not the case here.
The person, whose identity was in question, was not a party to this suit
and was not within reach of its process, and was in no manner subject
to its orders. If he had been within the reach of process of the court,
plaintiff would have had the same right to invoke it to compel his at-
tendance that the defendant had. As he was not within reach of its
process, neither party had power to enforce his attendance; and the law
imposes impossible duties on no one.

A free man is not subject to the possession and control of another,
his body cannot be offered or filed in evidence, and he is not to be treated
like a document of which *profert* or *oyer* may be claimed.

It would have been of no advantage for any purpose to have
brought the person here. Wackerele had never lived in Shreveport,
and was not known either to the judge or to any other person here.

Defendant obtained his personal attendance at a place where he
and his wife had lived together, and where there were many persons
who knew them both. He gave ample notice to plaintiff of the time and
place, when and where, he would be produced and testimony of wit-
nesses taken as to his identity.

This is more than the law would require. Where the question is
whether a party is dead or not, the testimony of persons who knew him,
and who swear that they have seen and conversed with him living,
since the date of the alleged death, is, under every aspect, competent
evidence.

The testimony conclusively establishes that Wackerle, the iden-
tical person whose life was insured, is still living, and unmasks one
of the boldest and most scandalous schemes of fraud upon defendant,
the court and plaintiff's own counsel, ever conceived and carried to the
very verge of success.

It is, therefore, ordered, adjudged and decreed that the judgment
appealed from be affirmed at appellant's cost.