## No. 11,737.

### STATE OF LOUISIANA VS. SYLVESTER ABSHIRE.

No delay is provided by law for arraignment, after an indictment, in order to enable an accused to prepare his preliminary defences.

Such an indulgence is within the discretion of the trial judge.

The well-established rule of jurisprudence is that the affidavit of the accused for a continuance is, for the purposes of the motion, taken as true; and no counter affidavit nor evidence *aliunde* can be received *pro* or *con.*

It may be that a continuance is granted, on a showing made by the defendant, that a fair and impartial trial could not be had *at that time*, owing to public excitement being so great against him as to intimidate and swerve a jury that might be chosen to try the case; but such is an exceptional case, and the allowance *vel non* of a continuance is within the sound judicial discretion of the judge, under the circumstances of the case presented to him.

APPEAL from the Eleventh Judicial District Court, Parish of Acadia. *Perrault, ·J.*

---

*M. J. Cunningham*, Attorney General, *E. B. DuBuisson*, District Attorney (*E. P. Veazie*, of Counsel), for Plaintiff, Appellee.

---

*A. & Charles Fontelieu* and *Charles W. DuRoy* for Defendant, Appellant.

The opinion of the court was delivered by

WATKINS, J.   The accused appeals from a verdict of guilty of murder and sentence to death—relying on several bills of exception.

The *first* one to which brief of counsel challenges attention was retained to the refusal of the judge to grant additional time before arraignment to prepare the prisoner's preliminary defences.

The bill of exceptions relates "that the offence with which he stands charged is alleged to have been committed on the 31st of December, 1894.   That the grand jury was empaneled on the 2d day of January, 1895.   That he employed counsel on the 3d day of January, 1895.   That on the 4th of January, 1895, the grand jury returned a true bill against him for the crime of murder."

That his counsel was summoned by telegram and arrived on the 4th of January, 1895.   " That no' sufficient time has been granted his said counsel in order to prepare his *preliminary* defences."

For overruling defendant's motion the trial judge assigns the following reasons, viz. :

" There was no denial of the request for additional time.   On the contrary, all the time asked for was granted by the court and the arraignment was postponed from the 4th to the 5th of January ; and on the 5th of January, when called for arraignment, the defendant asked for no *additional delay* in which to plead, but stood mute, and the court directed the plea of ' *not guilty* ' to be entered for him.   Besides the law provides no delay for arraignment after indictment or information ; and the defendant is required to plead when arraigned, which is his only time of right.   33 An. 1410; Wharton Criminal Pleadings and Practice, Sec. 417; 1 Bishop Criminal Pleadings and Practice, Sec. 733."

Counsel questions the accuracy of the judge's statement, and refers to the entry on the minutes, to show that, in point of fact, no delay was granted at all, and to show further that the application for delay was made on the 5th of January and not on the 4th, and that he was called into court and coerced to plead on the same day that the motion was made.   But of what avail was that, if the accused had not the legal right to delay?   This question was passed upon in State vs. Shields, 33 An. 1410, and the court say:

" Exception taken to the ruling of the court in requiring him to plead at the time of his arraignment, and, on his refusal, in ordering the plea of not guilty to be entered in his behalf, the complaint

being that he was *arraigned on the same day on which the indictment was found*, and had not time to determine on his plea. The law provides no delay for arraignment after indictment or information; and the defendant is required to plead when arraigned, which is his only time as of right. 1 Bishop Crim. Proc., Sec. 734. Indulgence is often granted in the discretion and leniency of the court, but there is no law controlling such discretion.'' (Our italics.)

This decision seems to settle the question completely and leave no room for dispute.

And the trial judge seems to have followed its precepts; and, in so doing, committed no error.

State vs. Moultrie, 33 An. 1146, is not applicable, as it relates to the question of time to procure the services of counsel, the attendance of witnesses, and to make preparation for the defence of the accused—not one of these being an incident to the prisoner's arraignment.

The *second* bill of exceptions to which our attention has been attracted is that relating to the refusal of the judge to allow the introduction of testimony in support of defendant's motion for a continuance of the cause until the next regular term of court—it being predicated on the ground that it was impossible to obtain a fair and impartial trial at the then pending term of the court, the popular excitement against the defendant being so strong as to intimidate and swerve the jury.

The bill of exceptions relates '' that the defendant moved for a continuance of this cause until the next regular term of the court, in order to allow popular prejudice and excitement to allay, so as to secure him a fair and impartial trial, as it was impossible, at this term of the court, to obtain a fair and impartial trial, due to said excitement and prejudice existing against him,'' etc.

The trial judge assigned the following reasons for his ruling, viz.:

'' 1. That it was manifest to the court, from all the circumstances surrounding the motion, that the same was made for the purpose of delay.

'' 2. That the court was satisfied that a fair and impartial trial could be had at the present term of the court; and that there was no prejudice against the accused in the public mind sufficient to influence his trial. It is conclusively shown by the answers of the jurors of the regular panel that they were unprejudiced and competent under the law.

"That this motion is fatally defective in failing to show by its recitals that a fair trial could be had at the term to which it is sought to postpone the case. On the face of the motion, had it been granted, no substantial relief would have been accorded the mover, since it is not shown that the alleged prejudice existed in the public mind," etc.

During the progress of the trial of this motion the following bill of exceptions was taken, and it makes the following relation of facts, viz. :

"Which motion"—fully setting out the grounds of his affidavit for a continuance, and appending thereto a supplemental statement of the facts the defendant proposed to prove in aid of his affidavit for a continuance—"having been called for trial, counsel for defendant moved for a note of evidence to be opened, and proof adduced in support of said motion," etc.

This was objected to on the part of the State, and the court sustained the objection on the grounds, viz. :

"If the motion had any merit it is amply sustained by its own allegations and affidavit thereto; and evidence *aliunde* would make it no stronger. It has long been settled jurisprudence in this State that the facts stated in an affidavit in support of a motion for continuance must, for the purposes of the motion, be taken as true. 33 An. 1146; 37 An. 312."

We have taken these two bills of exception together for the purpose of more easily examining and deciding the questions therein raised.

Taking up the proposition *first stated*, though last decided, we find that State vs. Moultrie, 33 An. 1146; State vs. Trevenia, 37 An. 312, support the ruling of the trial judge.

And the rule is elaborated in State vs. Simien, 30 An. 296, and announced in precise terms, thus:

"The rule is that the affidavit of the accused, upon which is grounded his motion for a continuance, is, for the purposes of the motion, to be taken as true, and no counter affidavit can be received; nor can the statements or facts it contains be contradicted by a cross-examination, or *aliunde* proof; and this rule is of such universal acceptance that we are not inclined to modify it. Archbold's Crim. Prac., Vol. 1, p. 569, *et seq.*"

This is an ancient and well-established rule of the common law and we will not make a departure from it.

But, while the judge correctly adhered to this rule and declined to hear any extraneous proof in support of the motion, because of the fact that the recitals of the affidavit and motion must, for the purposes of the application, be taken as true, he was not inconsistent in ruling that the defendant was not entitled to a continuance on the grounds he assigned for thus ruling.

It was clearly within the judge's sound, legal discretion, to disallow a continuance, when, from the circumstances surrounding the application, he believed it was made for the purpose of delay. It was equally within his discretion to refuse a continuance, the application for which failed to disclose that a fair and impartial trial could be had at the term of court to which it was proposed to defer it.

The existence of popular excitement against the accused is not a sufficient cause for the postponement of a trial unless it be sufficient "to intimidate and swerve the jury."

Mr. Bishop states the rule thus:

"Continuances are frequently applied for on the ground that the public mind is excited against the party, so that he can not *now* have a fair trial, which he may when the excitement subsides. In some circumstances this appeal to the *judicial discretion* is successful, etc.   *   *   *   Nor is *mere excitement alone*, in ordinary cases, especially in cases not of a public character, deemed adequate." 1 Bishop Criminal Practice, Sec. 951; Thomas vs. The State, 27 Ga. 287; Thompson vs. The State, 24 Ga. 247.

And Mr. Wharton says:

"A continuance may also be granted on affidavit showing that *means had been improperly taken to influence the jury, and the public at large*, so as to prevent, at that time, an impartial trial; and that the public excitement was such as *to intimidate and swerve the jury.* (Our italics.)

Whart. Crim. Plead. and Prac., Sec. 508.

In the first place the defendant's motion does not state that " means had been taken improperly to influence the jury " so as to prevent, at the time, a fair and impartial trial; nor does it state that the public excitement was such as to " *intimidate and swerve the jury* "—the statement being " that it was *impossible* at (the then)

term of the court to *obtain* a fair and impartial trial, due to said excitement and prejudice existing against him," etc.

But we have the contrary statement of the trial judge, to the effect that it was " conclusively shown by the answers of the jurors of the regular panel that they were unprejudiced and competent under the law," thus putting the defendant's case outside of the rule announced by either Bishop or Wharton.

Again, the trial judge appears to have properly and judiciously exercised his discretion in refusing a continuance of the cause to another term.

The next and last bill of exceptions relates to the refusal of the judge to grant a change of venue.

The bill relates, that the District Attorney, following the rule that was recognized in State vs. Causey, 43 An. 897, suggested to the court that the jurors of the regular panel be put upon their *voir dire*, and interrogated upon the subject of undue excitement and prejudice against the accused. And the judge relates that this course " was adopted by the court without objection from the defendant's counsel;" and that " this test showed conclusively, and to the satisfaction of the court, that the regular jurors were competent to try the case fairly and impartially."

In the Causey case we said:

" The fact that a fair and impartial jury *has been obtained*, pending the motion for a change of venue, has been held to be an answer to the *affidavit therefor*"—citing the authorities. " Indeed, *ab actu ad posse, valet consecutio*—the actuality of a fact demonstrates the possibility of its existence."

We observe that the brief of defendant's counsel does not discuss this question, but we have adverted to it because it, in our opinion, confirms the correctness of the conclusions of the trial judge in reference to his discretion to grant a continuance.

We have gone over all the questions that are propounded by the defendant's bills of exception without discovering any error in the ruling of the judge.

Judgment affirmed.

Rehearing refused.