## No. 12,622.

### STATE OF LOUISIANA VS. MARIUS AUCOIN.

On an indictment against three the grand jury's action " not found" as to two and "a true bill" as to the other may be endorsed on the back of the bill, and neither that endorsement nor the title "The State vs. M. C. *et als*," placed on the back of the bill by the prosecuting officer when he preferred it, affords any cause of complaint to the accused.

APPEAL from the Eleventh Judicial District Court for the Parish of St. Landry. *Dupré, J.*

*M. J. Cunningham*, Attorney General, and *Chas. W. Du Roy*, District Attorney, *ad hoc* (*P. A. Simmons, Jr.*, of Counsel), for Plaintiff, Appellee.

*John N. Ogden* for Defendant, Appellant.

Submitted on briefs December 18, 1897.

Opinion handed down January 24, 1898.

The opinion of the court was delivered by

MILLER, J. The accused appeals from the sentence of petty larceny.

The motion in arrest of judgment is on the ground that the indictment on which he was tried, preferred against him and two others, is endorsed, the action of the grand jury " not found " as to the two,

4

and " a true bill " as to the accused, and this is claimed to be a variance between the indictment and the finding, and hence there is no valid indictment.

It is argued that the failure to find a true bill, or " an *ignoramus* " can not be " blended in the same instrument," and is an irregularity fatal to the sentence. We believe it to be the common, if not the universal practice to exhibit the action of the grand jury by the endorsement of their foreman on the back of the bill. The endorsement has all the certainty of the finding or the failure to find stated in separate papers. In Blackstone the law is stated if on hearing the evidence the grand jury think the accusation groundless, they formerly endorsed *ignoramus*, but now they assert, as the commentator states, in better style "not found," and " not a true bill," is equivalent to " not found." 4th Blackstone, S., p. 306. As it is the province of the grand jury to determine whether the evidence submitted to them is sufficient to put the parties indicted on trial, the action of the jury " not found " as to two, and a true bill as to the defendant was properly endorsed on the bill.

It is urged that the title put by the prosecuting officer on the indictment, "The State vs. Marius Ancoin *et als.*," was an irregularity and misleading, and in this connection our attention is directed to the greater number of challenges to which the accused is entitled when tried jointly with others. We can perceive in this no cause for surprise to the accused, nor can we appreciate he could sustain any injury, unless injury is to be predicated on the theory it was his right to have the bill found as to all the parties indicted. When called on to plead that accused was fully apprised he alone was to stand his trial, and the law fixed the number of peremptory challenges. We think the motion in arrest was properly denied.

It is therefore ordered, adjudged and decreed that the sentence of the lower court be affirmed.