BREAUX, C. J.
The grand jury of the parish of Iberville found an indictment against Diamond Rigley, alias “Black Diamond,” and Robert Pointdexter, alias “Bull Dafney,” charging them with having killed and murdered Frank Buento and Vincent Buento. in this parish, on the 26th day of February, 1906.
The accused were found guilty as charged.
The indorsement on the indictment shows that .it was an indictment for murder. The names of witnesses, also, are written thereon; that of the district attorney and the *383 name of the deputy clerk with date of the filing of the indictment.
The minutes show that the accused were arraigned and pleaded to the indictment, and the case was assigned for Thursday, April ID, 1906, and on the motion of the district attorney, it was ordered that the copy of the indictment be served on the accused.
The sheriff’s return sets forth that a copy of the indictment was served on April 6,1906.
On the 18th of the same month, through counsel appointed by the court on that day, defendant applied for a change of venue in which they stated that there was, against them, prejudice, ill fe'eling, and dislike, which proof of their innocence would not overcome.
The motion for a change of venue was overruled.
A bill of exception was taken to the refusal of the court to grant the motion.
This bill of exception brings up before us the first ground of defense presented for our consideration.
The grounds are not sustained by the testimony to such an extent as would justify the court in setting aside the verdict.
There was indignation expressed at the time against the crime committed, and against the accused, as the asserted perpetrators. It appears to a limited extent that it was assumed that they were the guilty parties. The feeling against them was not general. The testimony, on the motion for a change of venue, does not give rise to the impression that the feeling was general, and that a jury could not be found that would be free of all bias and prejudice.
The witnesses questioned touching bias all testified that an impartial jury could, without difficulty, be impaneled. The presiding judge was of that impression. The record does not disclose that either the witnesses or the judge were in error.
A bill of exception was taken to the overruling of a motion to quash, and it presents the second ground of defense.
The grounds of this bill of exceptions are-that the finding of the grand jury was not indorsed on the bill of indictment; that the-names of both defendants are not indorsed on the indictment; that the name of Diamond. Rigby, one of the defendants, is not written in the indictment.
There is little merit in this contention,, based on the fact that as to names indorsed on the indictment, those of Robert Pointdexter, alias Bull Dafney, et al., do not, as defendants urge, mean the accused.
Both the crime charged and the names of the defendants are. indorsed to an extent reasonably sufficient, particularly in view of the fact that this court has repeatedly held: That indorsement only is not a part of the indictment; that the indorsement of the offense for which a true bill is found is not essential to the validity of the indictment. State v. Smith, 5 La. Ann. 341; State v. Rohfrischt, 12 La. Ann. 382; State v. McGinnis, Id. 743; State v. Mason, 32 La. Ann. 1018; State v. Russell, 33 La. Ann. 135.
It is sufficient to set forth title of suit on the back of the indictment, and the nature of the offense. This was done. But the indorsement is not essential to the validity of an indictment. State v. Aucoin, 50 La. Ann. 49, 23 South. 104.
The other ground set forth by defendant in this bill of exception is that the name of the accused (Rigby) is not contained in the indictment.
The name in the copy of the indictment before us may be taken either for “Rigley” or “Rigby.” It remains that either name, with the alias, is identification of the person. Both accused were arraigned and pleaded to the names as written in the indictment.
No good reason suggests itself to hold that the name, as written, is “Rigley.” But if it should be, although all the circumstances are to, the contrary, the rule idem sonans would justify holding that the name was sufficiently set forth.
*385 In that case on the authority of State v. Turner & Reed, 25 La. Ann. 575, and State v. Johnson et al., 116 La. 856, 41 South. 117, the ruling of the trial judge is sustained. But really the name, it seems to us, is “Rigby,” as written:
One of the defendants severed in one of his grounds of defense, and in a separate motion to quash, renewed in the main, the grounds upon which we have just passed; that is:
“That the so-called indictment brought against him is no indictment at all, for it does not contain his name to its body, nor on its back, nor to, nor on, any part of it.”
We have already decided this ground of defense. It would serve no useful purpose to go over that ground again. It has no merit.
This brings us to the defense that counsel for the accused did not have time to prepare themselves to properly present the grounds relied upon by the accused.
Defendants recite in the bill of exceptions;
“That the counsel appointed by the court to represent them herein, on account of their private, personal, and professional business during the present term of court, and, also, on account of the brief period between the date of the indictment, charging them with a most serious crime, and the date fixed by the state, through the district attorney for their trial on the charge of said crime, have not had sufficient time to prepare their defense in the proper and complete manner necessary on account of the serious character of the crime that they were charged with. And that by order of court changes were made in their counsel on April 18, 1906, the day before that fixed for trial.”
We have already stated the date on which the accused were arraigned, and counsel appointed by the court to represent them. Attorneys were appointed to represent them. One of the attorneys asked to be relieved of the appointment. Other attorneys represented them during the 13 intervening days between the date of their arraignment and the day fixed for trial.
The per curiam shows the following:
Counsel appointed by the court, four in number, had ample opportunity, and did fully prepare the defense. No legal cause was shown for a continuance. The district attorney admitted that all of the absent witnesses, if present, would testify, as stated by counsel in this motion for a continuance, and no bill was reserved.
It is stated that a change had been made at the last moment by order of court in the attorneys appointed to represent the accused.
We have already referred to the change which had be^n made touching one of the attorneys who asked to be relieved. There is nothing about the circumstances which shows that the accused had been prejudiced by the change.
They were represented by at least two attorneys from the date of the arraignment.
The Attorney General states in the brief that the accused were represented by four attorneys during the whole of that time; i. e., from the arraignment to the present time. This is not denied by defendant’s counsel. Four members of the bar appeared on this appeal as their attorneys.
It does not appear that defendant was not amply represented, and that attorneys had not sufficient time to prepare their defense. It is not shown that any of defendants’ witnesses were absent.
Continuance is largely left to the discretion of the trial court. It does not appear that the court abused its discretion. State v. Brette, 6 La. Ann. 658; State v. Vigoreux, 13 La. Ann. 309; State v. King, 31 La. Ann, 179; State v. Finn, Id., 408; Rogers v. Goldthwaite, 32 La. Ann. 1049 ; State v. Wilson, 33 La. Ann. 261; State v. Fulford, 33 La. Ann. 679; State v. Hornsby, 33 La. Ann. 1110; State v. Chevallier, 36 La. Ann. 81; State v. Kane, 36 La. Ann. 153; State v. Johnson, 36 La. Ann. 852; State v. Foster, 36 La. Ann. 877; State v. Clark, 37 La. Ann. 128; State v. Redmond, 37 La. Ann. 774; State v. George, 37 La. Ann. 786; State v. Duffy, 39 La. Ann. 419, 2 South. 184; State v. Primeaux, 39 La. Ann, 673, 2 South. 423.
*387 Another defense brought up by a bill of exception is that no copy of the indictment was served, nor a list of the venire.
The per curiam of the court shows: “A true copy of the indictment was served as required by law.” The sheriff’s return sets forth that he served copy of both the indictment and venire for the term.
It only remains for us to state that there was no merit in the objection, and pass on to a consideration of the next ground, which relates to the removal of a juror from the panel.
This juror was removed on the statement g of the district attorney. After the statement, the judge called the juror from the jury box, and asked him if he had made the statement which the district attorney said he had heard. The juror denied that he had made statements prejudicial and unfavorable to the accused, and stated he could give them a fair and impartial trial.
The court' stated in the per curiam that he investigated and examined witnesses, and that being satisfied that the juror was prejudiced against the accused, and that “Pie ■ [■juror] had made statements a short time before he was called and accepted as a juror, hostile and prejudicial to the accused, informed counsel representing the defendants of the fact and offered to permit them to reexamine the juror and to: challenge him for •cause. There being absolutely no doubt that the juror had expressed a very hostile opinion against the accused, and had stated he •desired to get on the jury for the purpose «of hanging the accused,” he properly removed the juror, and the accused suffered no injury.
The deceased was not in jeopardy at the time that the juror was removed from the panel.’
True, counsel for the accused earnestly and commendably representing the defendants, particularly in view of the fact that they represent them on the court’s request, and in accordance with the court’s appointment, stated that the jury had been completed, impaneled, and sworn. Such is not the statement of the judge who recites in the per curiam:
“Before the jury was impaneled the court, after a careful investigation and examination of witnesses, thinking that the juror was obnoxious, discharged him from the panel.”
This statement of the trial judge is repeated in the clerk’s minutes of the proceedings.
The defense does not advance the idea that the jeopardy begins before the jury is impaneled and sworn, and the case opened before the jury by reading the indictment, but they invoke the statement of counsel that it was after that time that the juror was excluded. That statement of counsel above given cannot prevail against that of the trial judge, there being no testimony save statements before mentioned before the court upon that subject. But though the question of the time when jeopardy begins has scarcely been presented by the pleadings, we will here state that according to eminent commentators and many well-considered decisions, it never begins before the jury has been impaneled, and the case opened before the jury, as was held in the case of State v. Nash & Barnett, 45 La. Ann. 1137, 1138, 13 South. 732, 734.
Now, as relates to the reasons which prompted the trial judge to remove the juror from the panel:
He had become convinced that the juror, because of his hostility to the accused, was a hostile juror. He called attention of their counsel. They did not choose to act. They remained silent. They made not the least attempt at investigation into the hostility. We gather that the court concluded for these reasons that the juror should be removed. In the first place, because it was the right thing to do not to let the accused be tried by a jury in which there was an obnoxious *389 juror to them, to the extent before stated; and, in the second place, because, as the court states, counsel refused to act, “for the reason that they preferred to take chances with the juror, so that in the event of conviction it would be necessary for the court to grant a new trial.”
Under that state of facts the trial court, in the exercise of its discretion, could exclude the jurors.
The court was not bound to suffer the case to proceed; the trial judge being invested with some discretion, having been informed of facts going to the disqualification of a juror, the juror could be excluded at the time he was excluded.
The discretion must be properly, and not arbitrarily, exercised.
We have no reason to infer that there was an arbitrary exercise of power. On the contrary, the power was exercised in order to afford to the accused the fair trial to which every accused is entitled.
The jury must be composed of competent men, and to that end the court is invested with considerable power in passing upon the ■qualification of jurors.
Section 1 of Act No. 135, p. 210, of 1898.
In our and other jurisdictions the discretion given to the trial judge in well-considered decisions is not denied, when it appears that it has been exercised with the .view of protecting the public and the rights of the accused. This was the view expressed in the following decisions; State v. Nash & Barnett, 45 La. Ann. 1137, 1138, 13 South. 732, 734; State v. Costello, 11 La. Ann. 283; People v. Hughes, 137 N. Y. 29, 32 N. E. 1105; 12 Am. & Eng. Enc. of Pleading & Practice, p. 644.
The bill of exception before the last, presents no serious ground of defense. It was as follows:
The district attorney propounded a question to witness which rendered it necessary to follow it up with another question in order to get at the facts.
The ruling in permitting him to continue in examining the witness was entirely proper.
In the last bill of exception, the only objection was that the verdict was contrary to the law and the evidence; an objection general in terms, which does not greatly commend itself on appeal, it has been fre quently held.
We have taken up the different grounds, and considered them.
We have arrived at the conclusion that the verdict of the jury cannot be disturbed on any of the grounds which we have had under consideration.
For the reasons assigned, it is ordered, adjudged, and decreed that the verdict of the jury and judgment of the court are affirmed.