(53 South. 560.)

No. 18,484.

STATE v. LONGORIO et al.

(Nov. 14, 1910.)

*(Syllabus by Editorial Staff.)*

CRIMINAL LAW (§ 1166*)—APPEAL—HARMLESS ERROR—REFUSAL OF CONTINUANCE.

Any error in refusing continuance for absence of witness was harmless; it developing at the trial that the testimony of such witnesses would have been merely cumulative.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 3111; Dec. Dig. § 1166.*]

Appeal from Twelfth Judicial District Court, Parish of Sabine; Don E. So Relle, Judge.

Eugene Longorio and others appeal from convictions. Affirmed.

Amos L. Ponder and Ponder & Fraser, for appellants. Walfer Guion, Atty. Gen., and James G. Palmer, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

PROVOSTY, J. The defendant has appealed from a conviction for manslaughter and a sentence to five years at hard labor.

The sole question is whether a continuance asked for on the ground of the absence of witnesses was, or not, properly refused.

The judge says that because of the absence of the two witnesses in question, whom the sheriff had been unable to find, he, of his own motion, postponed the trial from the morning of one day to late in the afternoon of the next, the defendant's counsel not then asking for anything more than a postponement; that when the case was called the second time, he having ascertained from the report of the sheriff that the witnesses had left the parish and gone to Texas, and the homicide having taken place while a large crowd were present, a large number of whom were in attendance as witnesses—23 of them summoned by defendant—he concluded the trial had better be proceeded with.

He adds that, as subsequently developed on the trial, the testimony of the two absent witnesses would have been merely cumulative, for securing which, therefore, the defendant was not entitled to a continuance; so that his error, if error there was, has proved not to have been prejudicial, and hence no ground is presented for setting aside the verdict.

Continuances are largely within the discretion of the trial judge. The discretion appears to us to have been wisely exercised in the present instance.

The learned counsel for defendant take exception at the judge's reference to the testimony on the trial. The judge, they say, could not know, at the time he overruled the motion for continuance, what testimony the different witnesses would give on the trial.

It was the duty of the learned trial judge to possess this court of all the reasons that might now exist for not setting aside the verdict, and the fact that the testimony sought to be secured by the continuance was merely cumulative is most decidedly such a reason, irrespective of what knowledge the trial judge may have had, or not had, on the subject at the time he denied the continuance.

Judgment affirmed.