(92 South. 138)

No. 25229.

### STATE v. ABRAMS.

(May 15, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Criminal Law** ⟳1150—**Motion for change of venue addressed to court's discretion but reviewable.**

    A motion for a change of venue involves a question of fact which is addressed to the discretion of the trial court, but is reviewable by the Supreme Court when the testimony is contained in the record.

2. **Criminal law** ⟳1144(18)—**Trial court's conclusions on motion for new trial conclusive when based on facts not in record.**

    The Supreme Court must accept the conclusions of the trial judge based on facts not appearing in the record that alleged newly discovered evidence was not new evidence, but purely cumulative, and that defendant failed to show diligence.

Appeal from Thirtieth Judicial District Court, Parish of Caldwell; F. E. Jones, Judge.

Floyd Abrams was convicted of murder, and he appeals. Affirmed.

C. F. Patterson, of Natchez, Miss., for appellant.

A. V. Coco, Atty. Gen., J. B. Thornhill, Dist. Atty., of Columbia (T. S. Walmsley, of New Orleans, of counsel), for the State.

By Division A, composed of Chief Justice PROVOSTY and Justices OVERTON and LECHE.

LECHE, J. Defendant was indicted for murder, and from a verdict of guilty and a sentence of death he has appealed.

The record contains two bills of exception, one to the refusal of defendant's motion for a change of venue and the other to the refusal of his motion for a new trial.

[1] 1. The first bill involves a question of fact which is especially addressed to the discretion of the trial court. It is, however, reviewable by this court, when the testimony, as in this case, is contained in the record. State v. Wheat, 111 La. 865, 35 South. 955; State v. Poindexter, 117 La. 383, 41 South. 688; State v. Blount, 124 La. 205, 50 South. 12. The decision in State v. White, 30 La. Ann. 364, cited by the Attorney General, to the effect that such a question is not reviewable, is overruled by the three cases above cited.

The testimony elicited on the trial of the motion fails to sustain defendant's allegations and, on the contrary, shows that he could obtain a fair and impartial trial in the parish of Caldwell. The trial judge in his per curiam so holds, and his finding is correct.

[2] 2. The second bill is to the trial judge's refusal of a motion for a new trial, based upon newly discovered evidence.

The trial judge in his per curiam states that the testimony sought to be offered as newly discovered evidence was not new evidence, but, purely cumulative evidence, and that defendant failed to show diligence, and that this evidence could have easily been obtained. We must accept these conclusions of the trial judge, which are based upon

facts not appearing in the record, and for these reasons

The judgment and sentence appealed from are affirmed.