It is therefore ordered that the appeal in this case be dismissed.

Rehearing refused by the WHOLE COURT.

---

(98 South. 623)

No. 26324.

### STATE v. CRISPINO.

(Dec. 3, 1923. Rehearing Denied by Division C, Jan. 7, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Criminal law** ⟺134(4)—Local prejudice held not shown in criminal case.

In a prosecution for shooting with intent to murder, wherein motion was made for a change of venue on account of prejudice existing in the parish against accused, *held*, that the evidence failed to support the motion.

2. **Courts** ⟺116(3)—Refusal to strike out minute entry as to defendant's counsel's presence on reassignment of case held not error.

It was not error to refuse to strike from the minutes of a certain date a recital that counsel for accused was present when the case against accused was reassigned, the only complaint being that counsel for accused did not consent to the assignment, and that the minute entry as made might give the impression that he did.

3. **Criminal law** ⟺603(11)—Refusal of continuance to consult witnesses and arrange defense held not abuse of discretion.

Where accused, arrested for a crime committed on September 3d, was indicted October 5th, and tried October 15th, accused being represented by counsel three days after her arrest, and also at her arraignment, *held*, that it was not an abuse of discretion to refuse a continuance on the ground of defendant's sickness and inability to procure and consult witnesses, and to arrange for her defense; there being no allegation of due diligence.

4. **Witnesses** ⟺17—Refusal to order attachment of witness held not error.

It was not error to refuse the attachment of a witness where domiciliary service had been made, defendant making no effort to show that the witness was within the jurisdiction, or that he would testify to any material fact, or that his presence could be obtained at a future hearing.

5. **Criminal law** ⟺603(2)—Denial of continuance for absence of witness held not an abuse of discretion.

In prosecution for shooting with intent to murder, it was not an abuse of discretion to refuse a continuance for the absence of a witness claimed to be able to testify as to threats by the prosecuting witness against accused; the affidavit failing to allege the probability that the witness might be had, or that, if present, he would swear to the facts set forth, or that the evidence would be admissible, and there being no showing of due diligence.

Appeal from Twentieth Judicial District Court, Parish of Terrebonne; Hugh M. Wallis, Jr., Judge.

Mrs. Josephine Crispino was convicted of shooting with intent to murder, and she appeals. Affirmed.

Harris Gagne, of Hauma (George J. Gulotta and Morris P. Le Compte, both of New Orleans, of counsel), for appellant.

A. V. Coco, Atty. Gen., and J. A. O. Coignet, Dist. Atty., of Thibodaux (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

By Division A, composed of O'NIELL, C. J., and BRUNOT and ROGERS, JJ.

BRUNOT, J. The accused was charged with shooting with intent to murder. From a verdict of "Guilty" and an alternative sentence of not less than five nor more than eight years at hard labor in the State Penitentiary, she prosecutes this appeal.

[1] Five bills of exception were reserved to the court's rulings. Bill No. 1 was reserved to the overruling of a motion for a change of venue. On the trial of this motion counsel for the accused offered four witnesses. Three of the witnesses testified, in substance, that a prejudice existed in the parish against the accused, and, in their opinion, she could not obtain a fair and impartial trial. These witnesses had discussed the case with approximately 20 or 30 persons. The opinion they expressed was based upon these conversations, and not upon knowledge of the sentiment of the people generally throughout the parish. The fourth witness, a deputy sheriff, testified that no prejudice existed against the accused which would prevent her from getting a fair and impartial trial. The state offered six reputable witnesses, all of whom corroborated the testimony of the deputy sheriff, and were even more emphatic and certain than he.

The record does not disclose an exception to the questions propounded to the jurors on their voir dire or to the court's rulings thereon. It appears that the jury was selected from the first 12 jurors called and that the accused did not exhaust her peremptory challenges. The trial judge in his per curiam to this bill says:

"The evidence submitted on the trial of the motion for a change of venue satisfied the court that no general prejudice existed against the accused in the parish of Terrebonne and that the said accused could positively secure a fair and impartial trial, as she did, in said parish; besides, the court was satisfied of that fact from his own personal knowledge of the situation in the parish.

"On the trial of the case, a jury was secured within an hour, and out of a panel of 30, not more than 12 jurors were examined on their voir dire.

"Two or three jurors were excused for cause and only one challenged peremptorily by the defense."

The testimony fails to support the motion for a change of venue. State v. Pointdexter, 117 La. 380, 41 South. 688; State v. Abshire, 47 La. Ann. 542, 17 South. 141; State v. Rini, 153 La. 57, 95 South. 400.

[2] Bill No. 2 was reserved to a ruling of the court refusing to strike out of the minutes of October 16, 1923, a recital that counsel for the accused was present in court on that date and at the time the case against the accused was reassigned. There is nothing in the bill to indicate that the minute entry was erroneous. The bill merely recites:

"That such statement gives the impression that the said fixing was done with the consent of counsel, when in truth and in fact such is not true."

A reading of this bill leads us to infer that counsel was less interested in correcting an alleged error than in getting a return of the sheriff concerning the physical condition of the accused incorporated in the minutes of that date. The judge in his per curiam to this bill says:

"Counsel for the accused was present at the fixing of the case for trial for October 19, 1923, in open court, and did not protest against such fixing. As a matter of fact counsel was informed by the district attorney that he would move to fix the case for trial, and said counsel urged no objection, and entered no protest."

The minute entry merely records counsel's presence when the case was assigned. The judge says that he was present, that his attention was called to the assignment, and he made no protest. Counsel's only complaint is that he did not consent to the assignment, and the minute entry as made might give others the impression that he did. There is no merit in this bill. Moreover, if the correctness of the minute entry was attacked the bill would present only a question of fact, and the ruling of the trial judge thereon would be conclusive.

[3] Bill No. 3 was reserved to the overruling of a motion for a continuance.

The first ground urged in support of the motion is the alleged illegal assignment of the case. In our consideration of bill No. 2 this ground has been disposed of. The other grounds, as they are concisely stated in the brief on behalf of the state, are: "Defendant's sickness, and her inability to procure and consult witnesses and to arrange her defense."

The facts disclosed by the record are that the crime was committed September 3, 1923. The accused was arrested, but was released on bail three days later. The accused was indicted October 5, 1923, and was arraigned the same day, her counsel being present in court. The plea of "Not guilty" was entered, and the case was assigned for October 15, 1923. The accused immediately thereafter left the jurisdiction of the court, and did not return until October 13, 1923. The case was called for trial on October 15th, whereupon counsel presented a certificate from Dr. St. Martin certifying to the illness of the accused, and, upon the motion of the district attorney, the case was reassigned for October 19, 1923. The case was tried one month and 16 days after the commission of the offense. The defendant was represented by her present able counsel in securing her release on bail three days after her arrest, and also at her arraignment on October 5th, 14 days before the trial. There is no allegation in the motion for continuance of due diligence on the part of the defendant, and no allegation of any effort on her part to procure her witnesses and prepare her defense.

The granting or refusal of continuances rests in the sound discretion of the trial judge, and, except for an abuse of discretion, his ruling will not be disturbed. State v. Hackley, Hume & Joyce, 119 La. 482, 44 South. 272; State v. Longorio, 127 La. 268, 53 South. 560.

[4] Bill No. 4 was reserved to the refusal of the court to order the attachment of a witness. Domiciliary service had been made upon the witness, and, as defendant made no effort to show that the witness was within the jurisdiction of the court, or that, if present, he would testify to any material fact, or that his presence could be obtained at a future hearing, the court correctly refused to issue the attachment.

[5] Bill No. 5 is based upon the absence of the witness for whom the attachment was sought, and which we have disposed of in our consideration of Bill No. 4. The affidavit of the defendant in support of this motion is as follows:

"Before me, the undersigned authority, came and appeared Mrs. Josephine Crispino, who being sworn, says: That Charles Scurto told accused in August, 1923, that the prosecuting witness, Mrs. Morris Babin, had it in for accused, and that she had told him she was going to shoot accused. Affiant further swears that she has no other witness by whom she can prove the communication of this threat."

In the per curiam to this bill the judge says:

"First. The state having asked for an affidavit, the accused made the affidavit attached to this bill of exception, which affidavit, in the opinion of the court, is not in the form prescribed by law in that it fails to allege the probability that the witness may be had or the

ability to procure the said witness at a future time to which the trial might be deferred.

"Second. That it contains no allegation that the witness, if present, would swear to the facts set forth in the affidavit.

"Third. That it fails to show that the evidence would be admissible, there being no allegation of any overt act or hostile demonstration on the part of the prosecuting witness at the time of the shooting or at any other time."

"The court refused the continuance on the further ground that there was no evidence that due diligence had been used by the accused to secure the attendance of this witness, it appearing from the order book in the clerk's office that this witness had only been summoned two days before the date fixed for the trial, to wit, October 19, 1923, and that, though the affidavit recites that the witness told the accused as far back as August, 1923, that the prosecuting witness had it in for accused, and was going to shoot her, the said witness, according to the said order book, was not summoned as a witness to be present at the trial of the case which had originally been fixed for October 15, 1923."

In overruling this motion the trial judge did not abuse the discretion vested in him, but his reasons for so doing are sound and sufficient. The verdict and sentence appealed from is therefore affirmed.

Rehearing refused by Division C, composed of OVERTON, ST. PAUL, and THOMPSON, JJ.