162 So. 622

**STATE v. GLASER et al.**

Nos. 33458, 33459.

June 19, 1935.

G. L. Porterie, Atty. Gen., Jas. O'Connor, Asst. Atty. Gen., Hewitt Boaunchaud, Dist. Atty., of New Roads, and Lessley P. Gardiner, Sp. Asst. Atty. Gen., for the State.

M. T. Hewes, of New Roads, and Dupont & Dupont, of Plaquemine, for appellees.

HIGGINS, Justice.

The defendants in these two cases were charged with violating Act No. 43 of the Legislature of Louisiana of 1912, in obtaining money through the means of a confidence game.

In the first case a true bill was returned against the defendants, Theo. H. Glaser, Eddie L. Lefeaux, and Leon P. Ourso, although the body of the indictment contained the name of E. B. Settoon, as a defendant. The grand jury caused to be indorsed on the indictment "No true bill

as against E. B. Settoon. A true bill as to —Theo. H. Glaser, Eddie L. Lefeaux and Leon P. Ourso. (Sgd.) W. C. Morrison, Foreman."

In the second case, Theo. H. Glaser and Leon P. Ourso were indicted, although in the body of the indictment the names of L. Kreamer and Percy E. Worsham appeared as defendants. The finding of the grand jury written on this indictment is as follows: "No true bill as to L. Kreamer and Percy E. Worsham. A true bill as to Theo. H. Glaser and Leon P. Ourso. (Sgd.) W. C. Morrison, Foreman."

The defendants in each case filed motions to quash, first, on the ground that a "no true bill" was found against some of the defendants, and "a true bill" as to the other defendants; second, that the indictments do not set forth sufficient facts to constitute an offense under the laws of this state.

The trial judge overruled the motion with reference to the first ground, but sustained the motion on the second ground and quashed the indictments. The state of Louisiana has appealed.

■ The trial court properly overruled the motion in the first instance.

In State v. Aucoin, 50 La. Ann. 49, 23 So. 104, the court held (syllabus):

"On an indictment against three, the grand jury's action, 'Not found' as to two, and 'A true bill' as to the other, may be indorsed on the back of the bill; and neither that indorsement, nor the title 'The State v. M. C., et al.,' placed on the back of the bill by the prosecuting officer when he preferred it, affords any cause of complaint to the accused."

■ The indictments are alike, except for the names of the parties, amounts, and dates. The pertinent part of the indictment in the first case reads, as follows:

"That one Theo. H. Glaser, one Eddie L. Lefeaux, one E. B. Settoon, and one Leon P. Ourso, late of the Parish of Pointe Coupee, on or about the 21st day of the month of December, in the year of our Lord, one thousand nine hundred and thirty-four, with force and arms, in the Parish of Pointe Coupee aforesaid, and within the jurisdiction of the Eighteenth Judicial District Court, in and for the Parish of Pointe Coupee, did unlawfully and feloniously obtain money of the Emergency Relief Administration of the State of Louisiana, to-wit: The sum of six hundred dollars, lawful money of the United States, through certain false and bogus instruments, to-wit: By forging the name of E. B. Settoon to standard government short form Contract No. 33, purporting to be an offer by the said E. B. Settoon to sell to the Emergency Relief Administration of the State of Louisiana one hundred (100) tons of hay at ten dollars ($10.00) per ton, to be delivered forty tons to the pasture of Theo. H. Glaser, at Maringouin, Louisiana, and sixty tons to

be delivered to the plantation of J. B. Robertson, at Fordoche, Louisiana. Purchase Order No. 4578 W. dated November 24, 1934, Purchase Requisition Form No. 25; dated November 14, 1934, signed by Theo. H. Glaser, and Material Receive Slip Form No. 26, dated November 27, 1934, signed by T. H. Glaser, said forms are used by the Emergency Relief Administration of the State of Louisiana; invoice dated November 27, 1934. Ravenswood, Louisiana, for sixty tons of hay, which was signed by E. B. Settoon and Vendor's Certificate dated November 28th, 1934, Ravenswood, Louisiana, also signed by the said E. B. Settoon, all of which instruments purport to cover the sale of hay by the said E. B. Settoon to the Emergency Relief Administration of the State of Louisiana, and receipt signed therefor by Theo. H. Glaser, an employee of the Emergency Relief Administration of the State of Louisiana, based on which bogus and false instruments Check No. 8269 dated December 11, 1934, of the Emergency Relief Administration of the State of Louisiana, drawn on the American Bank & Trust Company of New Orleans, Louisiana, was issued in the sum of six hundred dollars, payable to the order of E. B. Settoon, Ravenswood, Louisiana, which said check was endorsed by said E. B. Settoon and Eddie Lefeaux, and cash for which was obtained on December 21, 1934, from the Merchants & Farmers Bank, Melville, La., and which said check was issued in payment of sixty tons of hay which were purported to have been sold by said E. B. Settoon, and purported to have been received by said Theo. H. Glaser, on November 27th, 1934, an employee of the Emergency Relief Administration of the State of Louisiana, at the farm of the said J. B. Robertson, but which hay was never delivered nor received, and that through the said bogus and false instruments above referred to the said Theo. H. Glaser, the said Eddie L. Lefeaux, the said Leon P. Ourso, and the said E. B. Settoon did then and there obtain from said Emergency Relief Administration of the State of Louisiana, the said sum of six hundred dollars unlawfully and feloniously by means and use of the confidence game."

Sections 1 and 2 of Act No. 43 of 1912, read as follows:

"Section 1. Be it enacted by the General Assembly of the State of Louisiana,

"That every person who shall obtain or attempt to obtain from any other person, or persons any money or property, by means or by use of any false or bogus checks, or by any other means, instrument or device, commonly called the confidence game, shall be imprisoned with or without hard labor for not less than three months nor more than five years.

"Section 2. Be it further enacted, etc.,

"That in every affidavit, information or *indictment* under the preceding section it shall be deemed and held a sufficient description of the offense to charge that

the accused did, on etc., unlawfully and feloniously obtain, or attempt to obtain (as the case may be), from A. B. (here insert the name of the person or persons defrauded or attempted to be defrauded and *the manner in which he was defrauded, or the attempt to defraud was made),* his money (or property, in case it be not money), by means and use of the confidence game." (Italics ours.)

In State v. Theriot, 139 La. 741, at page 745, 72 So. 191, 192, L. R. A. 1916F, 683, the court said:

"No such objection can be urged against section 2 of Act 43 of 1912, as it requires the indictment to set forth *the manner in which the person was defrauded or the attempt to defraud was made, or, in other words, the facts of the case.*" (Italics ours).

The jurisprudence is well settled that criminal statutes must be strictly construed.

Section 2 of the statute specifically provides that the indictment shall contain a statement showing the manner in which the complainant was defrauded. It is not sufficient to simply allege in the indictment that the defendants unlawfully obtained money by means of false and bogus instruments and through a confidence game. Such allegations are too general to properly state an offense. The state must allege in what way the fraud was perpetrated and the reason why the

documents are false. There is no allegation that the offer to sell the hay was made in bad faith. The accused are not charged with having conspired with Settoon (whose name is said to have been forged, but who was not indicted by the grand jury) and each other to use the written offer for the purpose of fraud. It does not appear from the indictment that the offer was ever submitted to any person having authority to accept it or to any person having authority to receive and pay for the hay. It is difficult to imagine how Settoon's "name" could have been forged to the offer, when the indictment alleges he participated in the fraud and therefore authorized his signature. There are no other allegations of fact in the indictment to show why the alleged purported offer by Settoon to sell the hay should be regarded as a false or bogus instrument. The same statement is true with reference to the other alleged bogus and false instruments, i. e., the facts are not alleged showing the reason why these documents are not genuine and in what manner they were used to defraud the complainant.

We agree with our learned brother below that the indictments fail to set forth sufficient facts to bring the alleged matter within the provisions of Act No. 43 of 1912. The motion to quash was properly sustained.

For the reasons assigned, the judgments appealed from are affirmed.